UNITED STATES of America,
Plaintiff-Appellee,

v.

Trino BENAVIDEZ, a/k/a Juan
Benavidez, Defendant-Appellant.

No. 76-3120.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1977.

Rehearing Denied Nov. 4, 1977.

Kenneth L. Yarbrough, Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GODBOLD and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

The appellant, Benavidez, was convicted by a jury on all six counts of an indictment charging him with possession, with the intent to distribute, and the distribution or sale of heroin to a government undercover agent on June 12, 1974, June 26, 1974 and July 2, 1974, in violation of 21 U.S.C. § 841(a)(1). From concurrent sentences of twelve (12) years on each count, to be followed by a special parole term of four (4) years, Benavidez appeals. For reasons herein stated, we reverse and remand for a new trial.

At the conclusion of the evidence, the trial court informed counsel that it would give the jury a general entrapment instruction. Appellant's counsel requested the court also to give the specialized *Bueno*

* Senior District Judge of the Eastern District of Virginia, sitting by designation.

instruction,[1] which request was refused. Apparently inadvertently, the trial judge failed to give any general instruction on entrapment. Following the completion of the charge, appellant's counsel took exception to the court's failure to give the *Bueno* instruction, but neglected to note any objection to the omission of the general entrapment charge.

In *United States v. Hampton*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), decided only a few days before the instant case, the Supreme Court effectively reversed *United States v. Bueno, supra*, 447 F.2d 903 (5 Cir. 1971). The trial court was, therefore, correct in refusing the requested instruction.

The sole remaining issue is whether the trial judge was justified, under the facts of this case, in not giving any instruction predicated upon entrapment. If the facts, as the government contends, do not justify a general instruction on entrapment, there is then no error and we should affirm. We conclude, however, that the failure to give the general entrapment instruction was plain error. Rule 52(b) Fed.R.Crim.P.

Benavidez was charged with, and admitted to, selling heroin to Dracoulis and Eakes, undercover agents of the Drug Enforcement Administration (DEA) to whom he was introduced by Gutierrez, a paid DEA informant. Benavidez testified that he had known Gutierrez three or four years prior to the introduction; that he was visited at his "place" by Gutierrez, who indicated that he was selling marijuana and wanted appellant to work for him. Although appellant rejected the suggestion, Gutierrez visited him again and requested that he sell "some packages" to Dracoulis. Benavidez testified that on June 3, 1974 he picked up a package, identified by Gutierrez as drugs, at the latter's home and accompanied by Gutierrez, delivered it to Dracoulis. ▇ Subsequent sales, for which Benavidez was indicted, were made on June 12, 1974 to Dracoulis and Eakes, on June 26,

1974 to Eakes and again on July 2, 1974 to Dracoulis. Although Gutierrez denied seeing appellant or having any dealings with him after June 3, 1974, Benavidez testified that for each sale he obtained the drugs from Gutierrez and delivered the sale price to him, less $200 per transaction which he retained for himself. In determining whether a general entrapment charge should have been given, we must accept the testimony most favorable to the defendant.

The concept of entrapment has been recognized by the Supreme Court for a period of 45 years. In *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 19, 77 L.Ed. 511 (1932), the court indicated that the key to an entrapment defense was the accused's predisposition to commit the crime. The court stated that the government could legitimately provide an opportunity for commission of a crime but held that entrapment provided a valid defense when a person "otherwise innocent" was induced by the government to commit a crime so that the government might prosecute. 287 U.S. at 448–49, 451, 53 S.Ct. 19. This position was affirmed in *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), in which Chief Justice Warren stated that, in determining whether entrapment occurred, "a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." 356 U.S. at 372, 78 S.Ct. at 821.

▇ The Supreme Court most recently considered the defense of entrapment in *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) in which it reaffirmed the rationale in *Sorrells* and *Sherman*. The court declined to countenance the Ninth Circuit's position that, regardless of the defendant's predisposition, "a defense to a criminal charge may be founded upon an intolerable degree of governmental participation in the criminal enterprise." 459 F.2d 671, 673 (1972). This viewpoint, expounded by Justice Roberts in

---

1. *United States v. Bueno*, 447 F.2d 903 (5 Cir. 1971). The court in *Bueno* held that where the government provided the contraband to the de-

fendant for sale to a government agent, there was entrapment as a matter of law.

*Sorrells* (concurrence), Justice Frankfurter in *Sherman* (concurring in result) and Justices Douglas and Stewart in *Russell* (dissenting) was rejected by the *Russell* court as "unmanageably subjective." 411 U.S. at 435, 93 S.Ct. 1637. Thus, the standard for determining the validity of an entrapment defense remains the predisposition of the defendant.

■ It is well settled that the question of entrapment, if fairly raised, is one for the jury. *United States v. Harrell*, 436 F.2d 606 (5 Cir. 1970); *Pierce v. United States*, 414 F.2d 163 (5 Cir. 1969); *Hannah v. United States*, 396 F.2d 785 (5 Cir. 1968); *Kivette v. United States*, 230 F.2d 749 (5 Cir. 1956); *cert. denied*, 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418 (1958). Judge Learned Hand indicated:

> [I]n such cases two questions of fact arise: (1) did the agent induce the accused to commit the offense charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propositious opportunity to commit the offense. On the first question the accused has the burden; on the second the prosecution has it. *United States v. Sherman*, 200 F.2d 880, 882–83 (2 Cir. 1952).

In *United States v. Groessel*, 440 F.2d 602 (5 Cir. 1971), the burden on the defendant was defined as "some evidence, but more than a scintilla." 440 F.2d at 606. The court in *Notaro v. United States*, 363 F.2d 169 (9 Cir. 1966) called the burden "insignificant," 363 F.2d at 174, n. 6, indicating that the defendant's burden could be met even by evidence presented in the prosecution's case. 363 F.2d at 174.

The court in *Notaro* went on to indicate that once the issue was raised it became the burden of the prosecution "to establish beyond a reasonable doubt that the accused was not entrapped into the commission of the offense." 363 F.2d at 175. In *United States v. Harrell*, 436 F.2d 606 (5 Cir. 1970), the Fifth Circuit acknowledged that the rule set forth in *Notaro* is the accepted rule and, although never specifically adopted by the Fifth Circuit, should be followed. 436 F.2d at 612.

■ In the instant case, we believe that the defendant met his burden of fairly raising the issue of entrapment. He testified that he never sold drugs before; that he was initially unwilling to involve himself in the sale of drugs; that he did so at the instigation of DEA informant Gutierrez who allegedly supplied the drugs. There was additional testimony that the defendant had a good reputation in the community and was not known to be a drug dealer. Although refuted by testimony of government witnesses, the evidence was sufficient to raise an issue of fact for the jury. Taken in a light most favorable to the defendant, the evidence is sufficient to indicate a lack of predisposition to commit the crime.

Because of the court's failure to instruct on the law of entrapment, the jury was not in a position to fairly evaluate the defendant's case. The jury could not determine, assuming it accepted defendant's testimony and rejected that of the government, if there was sufficient evidence to sustain the defense of entrapment. Additionally, without an instruction regarding the prosecution's burden of proof when entrapment is in issue the jury could not evaluate whether the prosecution had met its burden of proving beyond a reasonable doubt that there was no entrapment. Given that the issue was fairly raised but could not be fairly decided, absent guidance from the court, we conclude that the court was in error in omitting a general entrapment instruction, and that the appellant is entitled to a new trial.

REVERSED AND REMANDED.