**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roberto G. ELORDUY,**
**Defendant-Appellant.**

**No. 78–5769.**

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

Rehearing and Rehearing En Banc
Denied April 11, 1980.

Raymond C. Caballero, El Paso, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, HILL and VANCE, Circuit Judges.

1. 21 U.S.C. §§ 841(a)(1), 846.

2. 21 U.S.C. § 841(a)(1).

3. 18 U.S.C. § 924(c)(2).

VANCE, Circuit Judge:

Appellant Roberto G. Elorduy was convicted on charges of conspiring to possess marijuana,[1] possession of marijuana with intent to distribute,[2] and unlawful possession of a firearm during the commission of a federal felony.[3] Following these convictions, he received a ten-year consecutive sentence, comprised of five years for the conspiracy count, three years for the substantive count, and two years for the gun count. Appellant's motion for new trial was denied by the district court. The case is now before us on appeal. The primary challenges raised by appellant are (1) whether the trial should have been barred under the provisions of the Speedy Trial Act; (2) whether appellant's sixth amendment right to confrontation was denied as a result of his restricted examination of a key government informer; (3) whether entrapment was proved as a matter of law; and (4) whether the motion for judgment of acquittal on the gun count should have been granted. We have carefully considered appellant's arguments and, finding them to be without merit, affirm the conviction.

## I. Background

Elorduy's arrest followed a series of attempts to arrange a drug transaction.[4] Elorduy, codefendants Peter Momsen and Luis Estrada, two Drug Enforcement Administration (DEA) agents, and the informant, Arnold Gonzalez, were involved. Gonzalez had encouraged a drug transaction for some time, but one was not finally arranged until April 1978. Using Gonzalez as a middleman, the government set the trap for the three codefendants. Estrada supplied the marijuana and, along with Momsen, drove one of the DEA agents and Gonzalez to the transfer point. Elorduy stayed behind in a restaurant with the other agent to receive payment. After the marijuana was delivered, Elorduy and his two companions were arrested. At the

4. An earlier deal involving cocaine fell through. Although Elorduy was indicted on two counts involving this cocaine transaction the jury found him not guilty.

time of his arrest, Elorduy admitted that he was carrying a weapon, and a search revealed a small caliber pistol in one of his back pockets.

## II. Speedy Trial Act

Appellant initially argues that he should never have been brought to trial because provisions of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, were violated. The Act is designed to expedite pending criminal proceedings and to ensure that an accused shall enjoy his sixth amendment rights.[5] *United States v. Hillegas*, 578 F.2d 453, 456 (2nd Cir. 1978). If the applicable time limits are not followed, the prosecution is subject to dismissal under the sanctions outlined in 18 U.S.C. § 3162.

The relevant dates and events in this case are as follows:

April 27, 1978  Elorduy arrested on complaint.

May 5, 1978  Complaint dismissed by U. S. Attorney.

July 6, 1978  Three count indictment returned by grand jury.

July 14, 1978  Arraignment held; defendant pleaded not guilty.

August 31, 1978  Five count superseding indictment returned.

September 5, 1978  Rearraignment held; defendant again pleaded not guilty.

September 5, 1978  Order issued requiring government to assist in locating informant.

October 23, 1978  Trial called and postponed until informant could be found.

October 26, 1978  Trial commenced.

Appellant argues that the 69-day interval between arrest and indictment and the 104-day interval between arraignment and trial constitute an unexcusable delay under the provisions of the Act. He asserts that this delay requires dismissal under § 3162.

■ Appellant's argument fails for two reasons. First, the sanctions outlined in § 3162 had not become effective at the time of his trial. During the interim, the district court for the Western District of Texas operated under a local plan.[6] This plan also prescribed time limits, but contrary to the Speedy Trial Act, did not require dismissal for failure to comply with the time limits.[7] Although the local plan is a binding rule of law, *United States v. Bullock*, 551 F.2d 1377, 1381 (5th Cir. 1977), dismissal is not mandated for failure to comply with the local time limits.

Appellant's argument also fails because no prejudice has been shown. Even though the Speedy Trial Act does not aid appellant, the case is subject to dismissal if his sixth amendment right to a speedy trial was denied. In preserving this right, we must consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 10 (1972). If the court determines that *Barker's* four-factor test has not been met, dismissal is not required. *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977); *United States v. Garcia*, 553 F.2d 432 (5th Cir. 1977).

■ The first and in this case the only factor we must consider is whether the length of the delay is presumed to have prejudiced the defendant. *United States v. Canales*, 573 F.2d 908, 909 (5th Cir. 1978). The period of time was not sufficiently long to be presumptively prejudicial. *See e. g., United States v. Rankin*, 572 F.2d 503, 505 (5th Cir. 1978). The delay, which was caused by the difficulty in locating Gonzalez, actually assisted appellant in the preparation of his case. Applying the *Barker* test to the facts in this case, we conclude that no prejudice actually or presumptively

---

5. The sixth amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . .."

6. The local rules were entitled, "Plan for Prompt Disposition of Criminal Cases." They were approved by the Fifth Circuit Judicial Council on June 15, 1976, and became effective on July 1, 1976.

7. Section 10(d) of the interim plan provides, "[F]ailure to comply with the time limits prescribed herein shall not require dismissal of the prosecution."

resulted from the delay. *United States v. Kilrain*, 566 F.2d 979, 984 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978). *See generally, United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979).

## III. *Restrictive Examination of Informer*

Appellant next maintains that the trial court erred in limiting his examination on two related matters: (1) the former employment of the informant, Gonzalez, and (2) the fees Gonzalez received for his work. In support of this claim, appellant cites numerous examples of the district court's restrictive posture and argues that, as a result, his sixth amendment right of confrontation was denied.[8]

■ The defense called Gonzalez to the stand, but "The credibility of a witness may be attacked by any party, including the party calling him." Fed.R.Evid. 607. During the examination of Gonzalez, appellant's line of questioning repeatedly centered around the informant's former employment. The purpose of this thorough inquiry was two-fold: (1) to place the informer in his respective community, and (2) to use his prior inconsistent statements for impeachment purposes. While appellant argues otherwise, he was afforded ample opportunity to accomplish both objectives.

Several rulings by the district court incidentally limited appellant's examination of Gonzalez. These rulings, however, viewed as a whole, do not violate sixth amendment standards. The scope of a hostile witness' examination is a matter within the trial court's sound discretion, and error is predicated only upon abuse of that discretion. *Smith v. Illinois*, 390 U.S. 129, 132–33, 88 S.Ct. 748, 750–51, 19 L.Ed.2d 956 (1968); *United States v. Markham*, 537 F.2d 187, 196 (5th Cir. 1976). Concluding that no abuse of discretion was shown, we are convinced that the essence of the desired evidence was sufficiently before the jury. *See*

*United States v. Sanfilippo*, 581 F.2d 1152, 1155 (5th Cir. 1978).

■ Similarly, the district court's decision to limit the evidence of fees paid to Gonzalez was not erroneous. The court allowed evidence of payments made by the government with respect to the Elorduy case, but refused to admit evidence of any amounts paid in other cases. While we are mindful of the Sixth Circuit's rule that permits evidence of previous payments, *United States v. Leja*, 568 F.2d 493 (6th Cir. 1977), we see no need to expand this circuit's position. The court did not abuse its discretion in refusing to allow evidence of the previous payments. *See United States v. Bower*, 575 F.2d 499, 503 (5th Cir.), *cert. denied*, 439 U.S. 983, 99 S.Ct. 572, 58 L.Ed.2d 654 (1978). *See generally United States v. Webster*, 606 F.2d 581, 585 (5th Cir., 1979).

## IV. *Entrapment*

Following the close of the case, but before the jury had been instructed on matters of law by the court, the appellant submitted a list of requested jury charges. Among these was a request that the defense of entrapment be included in the list of essential elements. Appellant contends that (1) entrapment should be found as a matter of law and (2) in the alternative, the trial judge should instruct the jury on entrapment as if it were an essential element of the offense.

■ Except in limited circumstances, *see Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the entrapment question, if adequately raised, should be submitted to the jury. *United States v. Benavidez*, 558 F.2d 308, 310 (5th Cir. 1977). In *United States v. Bueno*, 447 F.2d 903 (5th Cir. 1971), *cert. denied*, 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973), this court found that a defendant was entrapped as a matter of law when a government informer supplied narcotics to defendant for sale to a

---

**8.** The pertinent portion of the sixth amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . . ."

government agent. The Supreme Court in *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), however, established that a defendant was not protected by an entrapment defense unless the government's activities actually implanted in an innocent person's mind the disposition to commit the charged offense and induced its commission. *Id.* at 490, 96 S.Ct. at 1650 (quoting *Sorrells v. United States*, 287 U.S. 435, 442, 53 S.Ct. 210, 213, 77 L.Ed. 413 (1932)). *See United States v. Garrett*, 583 F.2d 1381, 1390–91 (5th Cir. 1978); *United States v. Benavidez*, 558 F.2d at 309. *See generally United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), *quoted in Hampton v. United States*, 425 U.S. at 488–90, 96 S.Ct. at 1649–50.

■ Appellant cites *United States v. Virciglio*, 441 F.2d 1295, 1298 (5th Cir. 1971), for the proposition that the test to be applied in entrapment cases is whether the government's agent "incited, induced, instigated, or lured a person into committing an offense which he otherwise would not have committed." The proper legal standard to be applied, however, is whether the defendant had the predisposition to commit the crime. *United States v. Russell*, 411 U.S. at 433, 93 S.Ct. at 1643; *United States v. Bower*, 575 F.2d at 504; *United States v. Ramirez*, 533 F.2d 138, 141 (5th Cir.), *cert. denied*, 429 U.S. 884, 97 S.Ct. 235, 50 L.Ed.2d 165 (1976). Predisposition to commit the crime is a factual question; therefore, it was properly before the jury. *See United States v. Bower*, 575 F.2d at 504.

■■ We also reject appellant's contention that the absence of entrapment is an essential element of the offense. Entrapment is an affirmative defense. *United States v. Gonzales*, 606 F.2d 70, 74 (5th Cir. 1979). Defendant, therefore, has the initial burden of raising the issue and going forward with the evidence. After defendant has discharged this obligation, the government must "prove beyond a reasonable

doubt that the defendant was not entrapped into committing the offense." *United States v. Buckley*, 586 F.2d 498, 501 (5th Cir. 1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979) (citing *United States v. Benavidez*, 558 F.2d at 310). Reviewing the record as a whole, we conclude that the issue of entrapment was properly before the jury.

## V. *The Gun Count*

Count five of the superseding indictment charged appellant with carrying a firearm unlawfully during the commission of a felony in violation of 18 U.S.C. § 924(c)(2).[9] Appellant admits that he was carrying a gun while the felony was in progress, but argues that the government did not prove that it was carried unlawfully. Based on this argument appellant filed a motion for judgment of acquittal at the close of the entire case. The district court concluded that the gun was carried unlawfully and denied appellant's motion. The issue on appeal is whether the trial court's denial was proper.

■ Section 924(c)(2) is violated if the separate act of carrying a firearm is prohibited by a federal, state, or local law of the area. *United States v. Bower*, 575 F.2d at 501; *United States v. Rivero*, 532 F.2d 450, 459 (5th Cir. 1976); *see United States v. Soria*, 519 F.2d 1060, 1063–64 (5th Cir. 1975). The government was therefore required to prove only that while the felony was in progress, appellant was carrying a gun in violation of any firearms law. *United States v. Bower*, 575 F.2d at 502.

■ The applicable Texas state law, section 46.02(a) of Vernon's Texas Penal Code Annotated, provides "A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun . . . ." Under this Texas law, unless specifically excluded by another section, any carrying of a handgun is un-

---

**9.** Section 924(c)(2) provides as follows: "Whoever . . . carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall . . . be sentenced to a term of imprisonment for not less than one year nor more than ten years."

lawful. *Chatman v. State,* 513 S.W.2d 854, 856 (Tex.Cr.App.1974). Because he did not show that he came within an exception to the statute, appellant was proved to have been carrying the gun unlawfully during the commission of a felony. Accordingly, the district court was correct in denying appellant's motion.

VI. *Conclusion*

. Appellant raises several other issues, which, after a review of the entire record, we find to be without merit.

AFFIRMED.