**GOVERNMENT OF the CANAL ZONE,**
**Plaintiff-Appellee,**

v.

**Carmen MARTINEZ H. (Hernandez),**
**Defendant-Appellant.**

**No. 79–5633**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 30, 1980.

Daniel D. Douglass, Ft. Lauderdale, Fla., for defendant-appellant.

---

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Frank J. Violanti, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Panama, for plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

This appeal presents the question whether a defendant tried outside the time limits of the Speedy Trial Act is entitled to dismissal of the charges when a portion of the delay accrued between July 1, 1979, when the Speedy Trial Act sanctions came into effect, and August 2, 1979, when the sanctions were deferred until July 1, 1980. Answering this question in the negative, we affirm the conviction.

Carmen Martinez H. (Hernandez) was arraigned on September 1, 1978. After numerous delays, most occasioned by defendant's repeated requests for continuances, she moved for dismissal of the charges for Speedy Trial Act violations. This motion was filed on August 3, 1979. It was denied. On August 6, 1979, 334 days after arraignment, Martinez H. was tried and convicted.

Under the Speedy Trial Act, persons arraigned after July 1, 1978, must be brought to trial within 60 days. 18 U.S.C. § 3161(c). Certain delays are excludable. In order for a delay to be excluded from the computation the district court must find and articulate one of the accepted reasons for granting the continuance. There are no such findings in this record.

The sanction for a violation of the time limit prescribed by § 3161(c) is dismissal. 18 U.S.C. § 3162(a)(2). The sanctions originally took effect on July 1, 1979. At the urgings of the Justice Department and the Judicial Conference of the United States the Congress amended § 3163(c) to defer the effective date of the sanctions to July 1, 1980.

[18 U.S.C. § 3162—Sanctions] shall become effective and apply to all . . . informations or indictments filed, on or after July 1, 1980.

18 U.S.C. § 3163(c) as amended August 2, 1979.

Because the sanctions were in effect, however, between July 1, 1979 and August 2, 1979, and her trial was held after the Speedy Trial Act time limits had run, Martinez H. argues that the charges against her should have been dismissed. Her motion to dismiss for Speedy Trial Act violations was filed on August 3, 1979, one day after the sanctions were suspended and deferred for one year.

The language changing the effective date of the sanctions to July 1, 1980, is clear and certain. However, the statutory language provides no indication of the intent of Congress with respect to a case such as the instant case in which the Speedy Trial Act violation accrued between July 1, 1979 and August 2, 1979, but the issue was not raised until *after* the deferral of sanctions.

We next turn to the legislative history and find the suggestion that Congress intended to limit the applicability of the sanctions between July 1, 1979, and the effective date of the amendment. The House and Senate committee reports indicate that one of Congress' purposes in passing the 1979 amendments was to prevent widespread dismissals of criminal cases by courts not yet ready to comply with the statutory time limits, although both houses were skeptical that widespread dismissals would actually occur. *See generally* H.Rep.No.96–930, 96th Cong., 1st Sess. (1979), *reprinted at 1979 United States Code, Congressional & Administrative News*, pp. 1751, 1754–59; S.Rep.No.96–212, 96th Cong., 1st Sess. (1979), pp. 14–20. This concern, along with the skepticism, was mirrored in the floor debates in both houses. *See generally* 124 *Congressional Record* S11040–41 (July 31, 1979).

The only specific discussion of the effect of the postponement of the sanctions was by Senator Biden, who said that the dismissal sanction would not apply to delay which began after July 1, 1979, but did not exceed the statutory limits until after the

enactment of the sanctions.[1] 124 *Congressional Record* S11040 (July 31, 1979). This, obviously, does not specifically address the issue now before us.

In the absence of controlling statutory language or truly directive legislative history, we turn to the general rule that changes in procedure are effective immediately, although they may affect existing rights:

> Granting that, in the absence of an expressed legislative intent, statutes affecting antecedent rights are ordinarily addressed to the future and to be given prospective effect only, that canon of construction must yield to the rule here controlling that changes in statute law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court. This last mentioned rule of statutory interpretation defers only to a contrary intention manifested from the wording of the statute or, if it is unclear, from the legislative history.

*Turner v. United States*, 410 F.2d 837, 842 (5th Cir. 1969) (change in Selective Service Act depriving draftee of right to administrative appeal to Justice Department). *See also United States v. De Jesus Moran-Rojo*, 478 F.Supp. 512 (N.D.Ill.1979) (Speedy Trial Act violation taking place August 2, 1979, not subject to sanctions because sanctions suspended as of August 2, 1979).

Under this rule of statutory construction, the Speedy Trial Act sanctions were suspended when Martinez H. filed her motion to dismiss. She is not entitled to dismissal. This comports with what we perceive to be the Congressional intent to limit the number of dismissals arising from Speedy Trial Act violations between July 1, 1979 and August 2, 1979.

Martinez H. could properly seek dismissal only if the Canal Zone local plan provided for the sanction of dismissal, or if the delay was so excessive that her Sixth Amendment right to a speedy trial was violated. *United States v. Elorduy*, 612 F.2d 986 (5th Cir. 1980). Neither issue is raised on appeal.

The conviction is AFFIRMED.

---

1. Senator Biden did not sponsor the 1979 amendments, but he led the floor debate, 124 *Congressional Record* at S8011-26 (June 19, 1979), S11038-41 (July 31, 1979), helped negotiate the terms of the bill, 124 *Congressional Record* at S8011, and chaired the Senate Judiciary Committee hearings on the bill, *id.* His comments are entitled to substantial consideration.