**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Allan HUMPHREY, Defendant-Appellant.**

**No. 81–7475**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 8, 1982.

Certiorari Denied June 1, 1982.

See 102 S.Ct. 2305.

---

Claude W. Hicks, Jr., Macon, Ga. (Court appointed), for defendant-appellant.

W. Louis Sands, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant Allan Humphrey was convicted by a jury of six counts of theft and inter-state transportation of a 1980 Mercedes Benz automobile and two counterfeited certificates of title in violation of 18 U.S.C. §§ 2312, 2313, 2314, and 2315. Humphrey contends that the trial judge erroneously refused to charge the jury on the defense of entrapment. After reviewing the record we conclude that appellant failed to present sufficient evidence of entrapment to warrant submission of the defense to the jury; accordingly, we affirm.

I.

In response to complaints from the Georgia Bureau of Investigation and the National Auto Theft Bureau in late 1980, FBI Special Agent Robert Wolfkill began an undercover investigation of auto theft in central Georgia. Wolfkill assumed the undercover identity of Bob Hardy, an insurance adjuster who dealt in stolen merchandise. On January 21, 1981, Wolfkill had a telephone conversation [1] with appellant Allan Humphrey concerning Humphrey's ability to provide Wolfkill with stolen automobiles, especially luxury models. In subsequent conversations, appellant agreed to provide Wolfkill with one luxury car and two certificates of title.

On January 29, 1981, appellant stole at gunpoint a 1980 Mercedes Benz from its owner in Detroit, Michigan. Appellant drove the vehicle to the Holiday Inn at the intersection of U.S. 80 and I–475 in Macon, Georgia, for a meeting with Wolfkill. Wolfkill, with a tape recorder attached to his body and other agents conducting surveillance, negotiated with appellant for the purchase of the Mercedes and two counterfeit certificates of title for $2,000. After the sale was completed, Wolfkill and appellant discussed future transactions and parted company.[2]

Humphrey was arrested and charged in a six-count indictment with crimes arising from the theft and transportation of the

---

1. This and subsequent phone conversations were taped by Wolfkill.

2. Humphrey in fact brought a Cadillac Eldorado to Wolfkill approximately one month after the transaction involving the Mercedes.

automobile and certificates of title.[3] At trial he admitted committing the acts alleged in the indictment but claimed entrapment as a defense. Testifying in his own behalf as the sole defense witness, appellant asserted that he had contacted Agent Wolfkill about buying some guns prior to the taped conversation on January 21, but that Wolfkill had been evasive about the guns and suggested he would be interested in buying some stolen automobiles.[4] Appellant stated that he knew nothing about stealing automobiles, but did so because of the money offered by Wolfkill. Despite this evidence the trial judge refused to instruct the jury on the entrapment defense, and appellant was convicted.

## II.

█ Entrapment is the government's inducement of the commission of a crime by one not predisposed to commit it. *United States v. Russell*, 411 U.S. 423, 428–29, 93 S.Ct. 1637, 1641, 36 L.Ed.2d 366 (1973); *Sorrells v. United States*, 287 U.S. 435, 442, 53 S.Ct. 210, 212, 77 L.Ed. 413 (1932); *United States v. Webster*, 649 F.2d 346, 348 (5th Cir. 1981) (en banc); *United States v. Hill*, 626 F.2d 1301, 1303 (5th Cir. 1980).[5] Entrapment is an affirmative defense which requires the defendant to present some initial evidence before the issue is properly raised. *United States v. Tobias*, 662 F.2d 381, 384 (5th Cir. 1981); *Hill, supra*, at 1303.

While the Fifth Circuit cases dealing with entrapment have not been entirely consistent in defining the exact nature of the defendant's burden of production, *Hill, supra*, at 1303 and n.3, the later precedents have settled on a standard similar to that first enunciated in *Pierce v. United States*, 414 F.2d 163, 168 (5th Cir.), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969):

> If there is any evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it, then, as in all other cases, involving questions of guilt or innocence, the jury must be permitted to resolve the matter.

*See United States v. Dean*, 666 F.2d 174, 180 (5th Cir. 1982) (to raise entrapment defendant must come forward with evidence "that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it," quoting *Tobias, supra*, at 384); *United States v. Dickens*, 524 F.2d 441, 444 (5th Cir. 1975), *cert. denied*, 425 U.S. 994, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976) (same standard); *Webster, supra*, at 349 (same standard).[6] Once the defendant carries this initial burden, then the government must prove beyond a reasonable doubt that the defendant was predis-

---

3. Appellant was charged with interstate transportation of a stolen motor vehicle (count one), disposing of a stolen motor vehicle transported across state lines (count two), disposing of a counterfeited security (counts three and five) and transporting a counterfeit security in interstate commerce (counts four and six).

4. This testimony was disputed by Wolfkill, who testified that his first contact with Humphrey occurred on January 21, 1981, the date of the first tape-recorded call between Humphrey and Wolfkill.

5. The Eleventh Circuit, in the en banc case *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.

6. As the court in *Hill* noted, other Fifth Circuit cases have phrased the test somewhat differently. *Compare, e.g., United States v. Wolffs*,

594 F.2d 77, 80 (5th Cir. 1979) ("defendant must adduce some evidence, more than a scintilla, which tends to show government inducement and lack of predisposition") *with United States v. Timberlake*, 559 F.2d 1375, 1379 (5th Cir. 1977) (must submit entrapment theory "for which there is any foundation in the evidence") *and with United States v. Gomez-Rojas*, 507 F.2d 1213, 1218 (5th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975) (defendant must present "a prima facie case of entrapment indicating that Government created a 'substantial risk that the offense would be committed by a person other than one ready to commit it.' "). We agree with the *Hill* court, however, that the differences in language have not produced divergent results, and because our most recent cases have settled on the "substantial risk" formulation of *Pierce*, we adopt that formulation in this case.

posed to commit the crime. *Dean, supra,* at 180; *Tobias, supra,* at 384; *Webster, supra,* at 349; *Hill, supra,* at 1304.

In determining whether appellant met his initial burden of production, we must accept the testimony most favorable to him. *Hill, supra,* at 1304; *United States v. Wolffs,* 594 F.2d 77, 80 (5th Cir. 1979). Appellant urges that under this standard his testimony provided an adequate basis for submitting the entrapment defense to the jury. Specifically, appellant contends that his testimony showed he was interested only in `purchasing guns from Agent Wolfkill and would never had stolen automobiles absent the inducement of the government. Appellant asserts that this was some evidence of a substantial risk that the crime was committed by one not predisposed to commit it, and thus entitled him to an entrapment instruction.

We disagree. In *United States v. Hill,* 626 F.2d 1301 (5th Cir. 1980), an undercover narcotics agent had arranged contact with the defendant and suggested a transaction involving stolen automobiles. Despite the fact that the agent had first contacted appellant and suggested the illegal scheme, the court held that the evidence was insufficient to submit the entrapment issue to the jury. The court stated that entrapment "represents more than mere suggestion, solicitation, or initiation of contact and, in fact, embodies an element of mild persuasion or coercion" which the court found was absent. *Id.* at 1304.

We find that *Hill* controls this case. Even accepting as true appellant's assertions that his initial contact with Agent Wolfkill was solely for the purpose of purchasing guns and that it was Wolfkill who proposed appellant steal automobiles, the evidence failed to demonstrate that "mild persuasion or coercion" the *Hill* court identified as necessary to raising entrapment. In short, we conclude that the defendant failed to provide any evidence that "the government's conduct created a substantial risk that the offense would be committed by a person other than the one ready to commit it."

AFFIRMED.