**UNITED STATES of America, Appellee,**

v.

**Frank J. ROBERTSON, Appellant.**

No. 82–2335.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1983.

Decided May 11, 1983.

Rehearing Denied June 22, 1983.

James R. Wyrsch, Charles E. Atwell, Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Kansas City, Mo., Linda M. Betzer, Atty., U.S. Dept. of Justice, Washington, D.C., for appellee.

Before BRIGHT and FAGG, Circuit Judges, and JONES, United States District Judge.*

PER CURIAM.

Frank J. Robertson appeals his conviction by a jury on four felony counts. Count I charged Robertson with willfully and knowingly making an extortionate extension of credit in violation of 18 U.S.C. § 892(a). Count II charged that Robertson willfully participated in the use of an extortionate means to collect an extension of credit, in violation of 18 U.S.C. § 891(7). Count III charged Robertson with carrying a firearm in the commission of a felony relating to extortionate extension of credit and collection of extension of credit by extortionate means, in violation of 18 U.S.C. § 924(c)(2). Count IV charged that Robertson received a firearm that had travelled in interstate commerce after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(h) and 924(a). We affirm the conviction on counts I, II, and IV, and reverse on count III.

I. *Background.*

The Government's case established that Robertson loaned Roy Holloway the sum of $3,000 in November 1981, to be repaid at the rate of $300 per week. Holloway testified that these payments represented interest only, at a rate of ten percent per week. When Robertson did not receive payments promptly, he threatened and physically beat Holloway. In April 1982, Holloway contacted federal law enforcement agents for help. Holloway agreed to tape-record his future conversations with Robertson and carried a tape recorder supplied him by the federal agents.

At trial, the Government played for the jury six tape recordings of conversations between Holloway and Robertson from meetings they held between April 19, 1982 and May 17, 1982. The Government also introduced into evidence a .357 magnum revolver seized on May 20, 1982, during a warranted search of Robertson's automobile. Holloway testified that on three or four occasions in 1981, he had seen a gun in a desk drawer in the office at Robertson's used car lot. Holloway did not state that he saw Robertson carrying the gun, or that Robertson had threatened him with it, but merely that he had seen the gun in Robertson's office.

Robertson raises four contentions on appeal: 1) The trial court erred in refusing to give a cautionary instruction regarding the credibility of Holloway's testimony as an informer rather than a general instruction on credibility;[1] 2) The trial court erred in refusing to acquit on count III, because the Government failed to establish that Robertson did unlawfully "carry" a firearm in the commission of a felony; 3) Count IV, charg-

---

* JOHN B. JONES, United States District Judge for the District of South Dakota, sitting by designation.

1. The requested instruction stated:

    The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against defendant.

ing possession of a firearm by a defendant who has been convicted of a felony, should have been severed from the other counts; and 4) The trial court erred in refusing to suppress the handgun as evidence in the case.[2]

## II. *Discussion.*

■ Appellant's contentions, save that regarding count III, essentially lack merit. The trial court did not abuse its discretion by refusing to give a special instruction on the credibility of an informer. Holloway was not an accomplice or coconspirator, and the prosecutor presented substantial independent evidence of Robertson's guilt. *See Jones v. United States,* 396 F.2d 66 (8th Cir.1968), *cert. denied,* 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969) (whether to allow informer instruction rests largely in trial court's discretion; presence of substantial independent evidence supporting defendant's guilt is factor entitled to considerable weight). Based on these circumstances, Robertson established no right to a special instruction.

■ Nor did the trial court err in refusing to sever count IV from the other counts. As the Government notes, Robertson did not himself move for severance. The motion for severance was submitted by Robertson's codefendant, Rosario Lochiano, and was construed by all concerned as only requesting severance for Lochiano *from* Robertson. Robertson did not join in this motion or move for severance at the close of the testimony. Accordingly, Robertson is not entitled to appellate review on this issue. *See United States v. Steffen,* 641 F.2d 591 (8th Cir.), *cert. denied,* 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981).

■ The record is equally devoid of a basis for suppressing the handgun seized by police pursuant to a warranted search of Robertson's automobile. The warrant authorized the agents to search for "U.S. Currency," among other things. During the search, the agents found the handgun in a bank bag in Robertson's automobile. Clearly, the warrant authorized the police to open the bank bag. The gun, therefore, was subject to seizure under the plain view doctrine and was properly admissible at trial.

■ Finally, we turn to Robertson's conviction on count III of the indictment, which recites that Robertson "did unlawfully carry a firearm * * * during his commission of the offense of making an extortionate extension of credit * * * and the offense of collection of an extension of credit by extortionate means * * * [a]ll in violation of [18 U.S.C. § 924(c)(2) ]." Section 924(c)(2) provides:

Whoever—

\* · \* \* \* \* \*

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years.

The Government argues that sufficient evidence supports the jury's conclusion that Robertson "carried" the .357 magnum "during" the commission of a felony within the meaning of 18 U.S.C. § 924(c)(2). The Government cites *United States v. Elorduy,* 612 F.2d 986, 990 (5th Cir.), *cert. denied,* 447

---

2. Robertson's additional contention, that the district court erred in denying exclusion of his prior conviction for purposes of impeachment, has not been properly preserved for review. Although Robertson brought a motion *in limine* to exclude the conviction, Robertson did not renew that motion at trial or indicate that he would not take the witness stand. The court's pretrial ruling, therefore, was only tentative and, in order to preserve the issue for review, Robertson should have requested a final ruling.

*See United States v. Cobb,* 588 F.2d 607 (8th Cir.1978), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). Moreover, we note that Robertson entered into a stipulation with the Government regarding his prior conviction and it was read to the jury without objection. Consequently, the jury would have been apprised of Robertson's conviction regardless of whether it was admitted for impeachment purposes.

U.S. 910, 100 S.Ct. 2997, 64 L.Ed.2d 861 (1980) and *United States v. Barber,* 594 F.2d 1242, 1243 (9th Cir.1979), *cert. denied,* 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 46 (1980), in support of its argument that the term "carries" should be interpreted broadly. Neither *Elorduy* nor *Barber,* however, support as broad a reading of the word as the Government urges we adopt in this case. In *Elorduy,* the defendant arranged a drug sale with undercover government agents and waited in a restaurant with one of the agents while the drug transfer took place. Elorduy was arrested as soon as the transfer took place, and admitted upon his arrest that he was carrying a pistol in one of his back pockets. *United States v. Elorduy, supra,* 612 F.2d at 988. Similarly, in *United States v. Barber, supra,* 594 F.2d at 1243, federal agents purchased drugs from Barber in Barber's car. When the officers attempted arrest, Barber drove off, but was arrested in his car one hour later pursuant to an all-points bulletin issued for the car. Upon Barber's arrest, the gun was found in the car. *Id.*

In the instant case, the Government at best demonstrated that, at times during the period in which Robertson attempted to collect on the usurious debt, Holloway saw a gun in a desk drawer in one of two desks in Robertson's office. The Government produced no evidence that Robertson ever carried the weapon or that the weapon played any role in Robertson's seeking collection of the unlawful debt. Without some evidence showing that Robertson carried the weapon at some time in connection with the commission of the offenses charged, the Government's case on this count must fall.

Accordingly, we affirm the convictions on all counts except count III. We set aside the conviction on count III on the ground that insufficient evidence supports the jury's verdict.