Wiley Sullivan was convicted of two counts involving the unlawful sale of marijuana and sentenced to five years' imprisonment on each count (concurrent). Two issues are presented on this appeal from those convictions.
 I
When asked about Sullivan's reputation "relative to the use of drugs", Fairhope Police Officer Steve Griffs testified, over objection, that Sullivan "is involved in drug transactions in Fairhope, that he can procure marijuana for you, [and] that he uses marijuana himself. . . ." Officer Griffs testified that he received this information from "reliable informants." *Page 776 
This testimony was properly admitted against Sullivan. "[H]earsay evidence is admissible to prove predisposition when an accused interposes the defense of entrapment." United Statesv. Moriarty, 497 F.2d 486, 488 (5th Cir. 1974) (officer testified that on a previous occasion he had been told by an informant that the defendant was a dealer in cocaine and that pursuant to this information, officer and the informant unsuccessfully sought to buy contraband from defendant). "By relying on entrapment as a defense, an accused exposes himself to a 'searching inquiry into his own conduct and predisposition. . . ." Sorrells v. United States, 287 U.S. 435,451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). To negative the defense, the government may introduce evidence to prove predisposition which is otherwise inadmissible." United Statesv. Dickens, 524 F.2d 441, 444 (5th Cir. 1975), cert. denied,Glenos v. United States, 425 U.S. 994, 96 S.Ct. 2208,48 L.Ed.2d 819 (1976).
 II
The principles governing the issue of entrapment are set out in United States v. Andrews, 765 F.2d 1491, 1499 (11th Cir. 1985), cert. denied, Royster v. United States, 474 U.S. 1064,106 S.Ct. 815, 88 L.Ed.2d 789 (1986).
 "A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' United States v. Dickens, 524 F.2d 441, 444 (5th Cir. 1975). A defendant will be considered to have met this burden if he produces 'any evidence' that governmental conduct created such a risk, Pierce v. United States, 414 F.2d 163 (5th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425
(1969), but evidence that the government agent sought out or initiated contact with the defendant, or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant's burden. United States v. Humphrey, 670 F.2d 153 (11th Cir. 1982); United States v. Hill, 626 F.2d 1301 (5th Cir. 1980). The defendant must demonstrate not merely inducement or suggestion on the part of the government but 'an element of persuasion or mild coercion.' United States v. Hill, supra. The defendant may make such a showing by demonstrating that he had not favorably received the government plan, and the government had had to 'push it' on him, United States v. Hammond, 598 F.2d 1008 (5th Cir. 1979), or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate, United States v. Timberlake, 559 F.2d 1375 (5th Cir. 1977). When the defendant makes such a showing, the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged. United States v. Dickens, supra. In demonstrating predisposition, the government is not restricted to using past offenses or reputation evidence. Id. at 445. Evidence of predisposition may also include the readiness or eagerness of the defendant to deal in the proposed transaction, id.; United States v. Jones, 473 F.2d 293 (5th Cir. 1973), or post-crime statements such as 'if you need more, I'll be here,' United States v. Dickens, supra; United States v. Jenkins, 480 F.2d 1198 (5th Cir. 1973). Appellate review of a jury decision on entrapment is directed to whether the evidence was sufficient to enable a reasonably-minded jury to reach the conclusion that the defendant was predisposed to take part in the illicit transaction. United States v. Dickens, supra."
Here, the State's evidence shows that Sullivan, at the request of Diane Davis, obtained one-quarter ounce of marijuana from his "source" on two separate occasions and delivered it to undercover police officer Terry Hicks.
Sullivan testified in his own defense that, while he personally used marijuana, he did not sell the drug. His testimony was to the effect that he only reluctantly obtained the marijuana for Ms. Davis and did so *Page 777 
only because he trusted her and because she was his friend.
"[T]he fact that the informer acting on behalf of the State or the undercover agent initiated the sale alone does not constitute entrapment as a matter of law." Fields v. State,424 So.2d 697, 699 (Ala.Cr.App. 1982). See also Pittman v. State,462 So.2d 791, 792 (Ala.Cr.App. 1984).
"The doctrine of entrapment as a matter of law did not survive the Supreme Court's decision in Hampton v. UnitedStates, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976)."United States v. Struyf, 701 F.2d 875, 877, n. 6 (11th Cir. 1983). Moreover, even if Sullivan presented sufficient evidence to create a jury question on the issue of entrapment, the evidence was sufficient to support the jury's verdict. SeeStruyf, 701 F.2d at 877 ("[W]e do not consider it extreme and outrageous under the facts of this case for such an informant to invoke the sympathies of a former brother-in-law already predisposed to engage in dealings in marijuana.").
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.