United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50208
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER VILLARREAL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. 03-50208)

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Xavier Villarreal ("Villarreal") was convicted of two counts of possession with

intent to distribute cocaine.  Because the district court's failure to instruct the jury on the

public authority defense does not constitute plain error, we affirm.

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Villarreal was employed as a peace officer in the Central South Texas Narcotics Task Force ("Task Force"). During the time of his employment, the FBI conducted an investigation of corrupt public officials, including law enforcement officers, in Texas. The FBI used an informant, Guadalupe Morales ("Morales"), to buy cocaine from Villarreal. Villarreal's defense at trial was that he was acting in his capacity as a peace officer and conducting a lawful investigation of Morales which necessitated the selling of the drugs. No records or documentation of such an investigation exist. Villarreal's counsel failed to object to the district court's failure to instruct the jury on the public authority defense, and Villarreal was convicted. Villarreal timely appeals.

## II. STANDARD OF REVIEW

This Court reviews a defendant's failure to submit or object to jury instructions for plain error. Fed. R. Crim. P. 52(b); United States v. Martin, 332 F.3d 827, 834 (5th Cir. 2003). "Plain error occurs only when the instruction, considered as a whole, was so clearly erroneous as to result in the likelihood of a grave miscarriage of justice." Martin, 332 F.3d at 834 (quotations omitted).

## III. DISCUSSION

In this case it is uncontested that Villarreal did not object to the district court's jury instructions. Even if he had requested a public authority defense, it is questionable whether there was evidence to support such an instruction. It is undisputed that: (1) Villarreal did not keep any records of his alleged undercover investigation of Morales; and

2

(2) that such reports are required by standard Task Force procedure.  The absence of these reports casts doubt on whether the district court should have given the public authority defense had it been requested.  Because it is not clear that there was an error in the jury instructions, we certainly cannot find plain error.

Even if we were not to decide on the above ground, Villarreal's sole reliance on United States v. Benavidez, 558 F.2d 308 (5th Cir. 2003), is misplaced.  Unlike here, counsel in Benavidez requested a particularized entrapment jury instruction.  Id. at 308-09.  We held that the district court's failure to give even a general entrapment instruction in that situation constituted plain error.  Id. at 310.  In this case, however, Villarreal failed to request any jury instructions (specific or otherwise) concerning the public authority defense, and did not object when, unsurprisingly, none were given.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.