This is a consolidated appeal brought by four appellants who were convicted of selling alcohol to a minor in violation of § 28-3A-25(a)(3), Code of Alabama 1975. The appellants were convicted in Decatur Municipal Court. The appellants appealed the convictions to the Morgan County Circuit Court. The appellants filed a motion for directed verdict of acquittal and a motion to dismiss. The appellants and the appellee stipulated that the transcript from each municipal court proceeding would serve as the transcript in each appellant's circuit court case. After reading the transcript *Page 55 
from Sharon Funari's case, the attorney for the appellants stated that the facts were the same in all four cases. After the court denied the motion, the appellants pleaded guilty. The record on appeal contains only the transcript from Sharon Funari's municipal court trial and, therefore, those are the facts which will be considered and referred to on this appeal.
 I
The appellants first contend that their convictions should be reversed because they sufficiently established the defense of entrapment. This argument has no merit. The record reveals the following: On October 25, 1988, a Decatur police officer instructed a 19-year-old male to purchase beer at J B's Beverages. He was given money and instructed to buy a six-pack of beer and to return to the police car. The young man testified that he was told to go to the cooler, buy the beer, and leave the store. He testified that the appellant did not ask for identification when he purchased the beer. The appellant testified that she did not recall whether she sold alcohol to the young man.
Entrapment is not a defense simply because a law enforcement officer provides the opportunity for the commission of an offense. Chillous v. State, 441 So.2d 1055
(Ala.Crim.App. 1983); Tyson v. State, 361 So.2d 1182
(Ala.Crim.App. 1978). The defendant must first come forward with evidence that the government induced the defendant to act.Chillous; Tyson. The fact that the buyer made initial contact with the seller is not an inducement within the contemplation of entrapment. See Johnson v. State, 501 So.2d 568
(Ala.Crim.App. 1986). The evidence indicates that an underaged buyer, working undercover for the police, was able to purchase beer without being asked for proof of his age. The appellant testified that she did not recall whether she had sold alcohol to the young man. The appellants failed to come forward with sufficient evidence of inducement. The appellants clearly failed to provide any proof of entrapment.
 II
The appellants next contend that the convictions should be reversed because there was no proof that they intended to sell alcohol to a minor. This argument also has no merit. Section 28-3A-25(a)(3), Ala. Code 1975, states that it is unlawful "[f]or any licensee or the board [Alcoholic Beverage Control Board] either directly or by the servants, agents or employees of the same, or for any servant, agent, or employee of the same to sell, deliver, furnish or give away alcoholic beverages to any minor."
Although criminal statutes generally contain an element of scienter, the legislature may prohibit the doing of an act and make the commission of such act criminal without the intent or knowledge of the actor. See McCrary v. State,429 So.2d 1121 (Ala.Crim.App. 1982); State v. Spurlock,393 So.2d 1052 (Ala.Crim.App. 1981). This exception is generally applied to statutes in aid of the state's police power. Spurlock. "When determining legislative intent from an examination of a statute as a whole, the reasons and necessity for the statute, as well as the public purpose sought to be obtained, will be considered by the reviewing court." Kirkland v. State, 529 So.2d 1036,1038 (Ala.Crim.App. 1988).
Upon review of the statute, we find that § 28-3A-25(a)(3) was enacted for the purpose of protecting the public welfare, health, peace, and morals of the people of this state and should be deemed a valid exercise of the state's police power. The portion of the statute which prohibits the selling of alcohol to minors does not contain any language requiring knowledge or intent. The legislature could easily have included the element of knowledge as it did in § 28-3A-25(a)(21). SeeSpurlock. In our opinion, the very purpose of the statute clearly indicates a legislative intent to impose strict liability. See Ala. Code 1975, § 13A-2-4(b). See also § 13A-2-3
and commentary.
The purpose of the legislation prohibiting the sale of alcohol to minors is to promote and protect the public welfare of minors. Any other interpretation would make the *Page 56 
statute unenforceable. According to the appellant's interpretation, a defendant would be able to avoid a conviction by failing to ask for identification. Such an interpretation would encourage sellers of alcohol to make it a policy never to ask for identification. Clearly, this was not the intent of the legislation.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.