The appellant, Don Wayne Smith, was convicted of the unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975. He was sentenced to five years in the state penitentiary.
The evidence tended to show that late in the summer of 1989, Lynn Holloway, a long-time friend of the appellant, became an informant for the Wadley Police Department. Around the first week of September 1989, Holloway ran into the appellant and told him that he wanted to buy some cocaine. The appellant showed Holloway what was later determined to be 3.040 grams of cocaine. Holloway testified that he tried to buy the cocaine but that the appellant "wouldn't deal." Later, Holloway went to the appellant's parents' house but the appellant did not want "to fool with it" there. On the following day, Holloway saw the appellant at a convenience store and they agreed to meet at Hardee's restaurant later in the day so that Holloway could purchase the cocaine.
When the appellant arrived at Hardee's, Holloway introduced him to two men who were actually employed as police officers for the city of Oxford. The appellant ate a hamburger and then said, "Well, let's go outside." The four went outside and got into Holloway's car. Sergeant Hatton (one of the police officers) and the appellant negotiated a price of $650 for a half ounce of cocaine. The appellant then said, "Well, all I brought was an eight ball." ("Eight Ball" = one-eighth of an ounce.) They then negotiated a price for an "eight ball," at which time the appellant said, "What you can do is buy this eight ball and we'll *Page 991 
arrange a meeting place that we can sell you the rest of it so it will be half an ounce." They agreed on a price and the place to meet. The appellant then reached into his shirt pocket and pulled out a plastic bag of white powder. Sergeant Hatton gave the appellant $180 and completed the transaction. The appellant was subsequently arrested.
The appellant raises three issues on appeal.
 I
The appellant first contends that the trial court erred when it received into evidence an evidence envelope and a plastic bag containing the cocaine in question because, he argues, the correct chain of custody had not been proven.
At trial, Sergeant Hatton testified that he received the plastic bag of white powder from the appellant and turned it over untampered with to Freddie Morgan, chief of police for the city of Wadley. Chief Morgan testified that he turned the plastic bag of white powder over to Agent Adams in the same condition. Agent Adams testified that he put the bag of white powder in the evidence locker until the next morning, at which time, he said, he transported it to the Auburn Forensic Science Lab. Agent Adams further testified that he later received a toxicology report on the substance. The appellant then stipulated to the admissibility of the toxicology report, which showed that the white powder was 3.040 grams of cocaine, so that the toxicologist would not have to appear in court to identify the substance. Officer Truitt then testified that he picked up the evidence at the Auburn Forensic Science Lab, and that it had been in his custody, care, and control ever since.
Establishment of a chain of custody is needed to show a reasonable probability that evidence has not been tampered with or altered. Cross v. State, 536 So.2d 155 (Ala.Cr.App. 1988). A showing that there was no break in the chain of custody is required to establish a sufficient predicate for admission of items into evidence; identification of evidence and continuity of possession must be sufficiently established in order to assure authenticity of the evidence. Ex parte Williams,548 So.2d 518 (Ala. 1989). After examining the record, we find that a complete chain of custody was established by the State and, therefore, that the evidence envelope and the plastic bag containing the cocaine were correctly received into evidence.
 II
The appellant also contends that the trial court erred when it refused to charge the jury on the defense of entrapment.
"Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." Sorrells v. UnitedStates, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). InDavis v. State, 570 So.2d 791 (Ala.Cr.App. 1990), this court stated:
 "Alabama courts follow the so-called subjective approach when deciding whether there is evidence to support an entrapment defense. Trammell v. Disc. Bd. of the Ala. State Bar, 431 So.2d 1168
(Ala. 1983); Jackson v. State, 384 So.2d 134
(Ala.Cr.App. 1979); Tyson v. State, 361 So.2d 1182
(Ala.Cr.App. 1978).
 " 'A two-step test is used under the subjective approach: the first inquiry is whether or not the offense was induced by a government agent; and the second is whether or not the defendant was predisposed to commit the type of offense charged. A defendant is considered predisposed if he is "ready and willing to commit the crimes such as are charged in the indictment, whenever opportunity was afforded." If the accused is found to be predisposed, the defense of entrapment may not prevail. The predisposition test reflects an attempt to draw a line between "a trap for the unwary innocent and the trap for the unwary criminal." The emphasis under the subjective approach is clearly upon the defendant's propensity to commit the offense rather *Page 992 
than on the officer's misconduct.' (Footnotes omitted.)
 W. LaFave, Substantive Criminal Law, Vol. 1, § 5.2(b) (1986)."
570 So.2d at 793.
The governing principles on the issue of entrapment are set out in United States v. Andrews, 765 F.2d 1491 (11th Cir. 1985), cert. denied, Royster v. United States, 474 U.S. 1064,106 S.Ct. 815, 88 L.Ed.2d 789 (1986):
 "A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' United States v. Dickens, 524 F.2d 441, 444 (5th Cir. 1975). A defendant will be considered to have met this burden if he produces 'any evidence' that governmental conduct created such a risk, Pierce v. United States, 414 F.2d 163 (5th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425
(1969), but evidence that the government agent sought out or initiated contact with the defendant, or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant's burden. United States v. Humphrey, 670 F.2d 153 (11th Cir. 1982); United States v. Hill, 626 F.2d 1301 (5th Cir. 1980). The defendant must demonstrate not merely inducement or suggestion on the part of the government but 'an element of persuasion or mile coercion.' United States v. Hill, supra. The defendant may make such a showing by demonstrating that he had not favorably received the government plan, and the government had had to 'push it' on him, United States v. Hammond, 598 F.2d 1008 (5th Cir. 1979), or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate, United States v. Timberlake, 559 F.2d 1375 (5th Cir. 1977). When the defendant makes such a showing, the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged. United States v. Dickens, supra. In demonstrating predisposition, the government is not restricted to using past offenses or reputation evidence. Id. at 445. Evidence of predisposition may also include the readiness or eagerness of the defendant to deal in the proposed transaction, id.; United States v. Jones, 473 F.2d 293 (5th Cir. 1973), or post-crime statements such as 'if you need more, I'll be here,' United States v. Dickens, supra; United States v. Jenkins, 480 F.2d 1198 (5th Cir. 1973)."
765 F.2d at 1499.
Clearly, the appellant presented sufficient evidence of government inducement to prima facie establish entrapment. Both the appellant and the informant testified that on at least two occasions the appellant refused to participate in an illegal drug transaction. However, the State also met its burden of proving that the appellant was predisposed to commit the offense. That was done when Sergeant Hatton testified as follows:
 "He [the appellant] told us, he said, 'What you can do is buy this eight ball, and we'll arrange a meeting place that we can sell you the rest of it so it will be a half an ounce.' And we negotiated back and forth and finally agreed on a hundred and eighty dollars. We agreed on a place to meet, [which] was somewhere near the river or near the lake back up the road. We also gave him a phone number that we told him — we said, 'Well, you can call us then, and we will come on back down later on tonight and do it.' And so that was agreed on."
Therefore, since the evidence was conflicting on the issue of entrapment, the issue should have been submitted to the jury. The action of the trial court in erroneously ruling that there was no issue for the jury to decide on the question of entrapment, declining to allow defense counsel to argue to the jury the matter of entrapment, and refusing the charge requested by the appellant on the subject constituted prejudicial error, requiring reversal *Page 993 
of the judgment and remand of the cause.
 III
Finally, the appellant contends that § 13A-12-250, Code ofAlabama 1975, is unconstitutional. However, this court has addressed the constitutionality of § 13A-12-250 and found it to be constitutionally sound. McCall v. State, 565 So.2d 1163
(Ala.Cr.App. 1990); Lane v. State, 564 So.2d 90
(Ala.Cr.App. 1990); Harrison v. State, 560 So.2d 1124
(Ala.Cr.App. 1989).
Moreover, after reviewing the appellant's sentence more carefully, it is this court's opinion that the sentence imposed was less than the minimum sentence set by the legislature. The appellant was convicted of a violation of § 13A-12-211, which, as a Class B felony, carries a sentence of 2 to 20 years. Section § 13A-12-250 provides for an additional 5 years to be "tacked on" to the original sentence of anyone convicted of the unlawful sale of a controlled substance within 1 mile of a public school. See Dixon v. State, 572 So.2d 512
(Ala.Cr.App. 1990). Thus, the appellant should have been sentenced to a minimum of seven years in the state penitentiary.
Based on the foregoing, this cause is hereby remanded to the Randolph County Circuit Court for a new trial.
REVERSED AND REMANDED.
All the Judges concur.