James Scott Thompson was indicted for one count of trafficking in cocaine, in violation of § 20-2-80, Code of Alabama 1975; three counts of the unlawful distribution of cocaine, in violation of § 13A-12-211, Code of Alabama 1975; and one count of possession of cocaine, in violation of §13A-12-212(a)(1), Code of Alabama 1975. The jury found Thompson guilty on all *Page 1239 
counts as charged in the indictments, and he was sentenced to serve a term of 15 years' imprisonment on the trafficking charge, seven years' imprisonment on each of the three unlawful distribution charges, and one year and one day on the possession charge. The sentences were ordered to run concurrently. Two issues are raised on appeal.
 I
Thompson contends that the evidence was insufficient to support the jury's verdicts and judgments of conviction with respect to the trafficking and three unlawful distribution charges, because, he argues, the State failed to demonstrate beyond a reasonable doubt that he was predisposed to commit the offenses charged. We disagree.
The burden of proof for a defendant seeking to raise the defense of entrapment is articulated in United States v.Andrews, 765 F.2d 1491 (11th Cir. 1985), cert. denied, Roysterv. United States, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789
(1986):
 "A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' . . . . When the defendant makes such a showing, the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged. . . . . Appellate review of a jury decision on entrapment is directed to whether the evidence was sufficient to enable a reasonabl[e]-minded jury to reach the conclusion that the defendant was predisposed to take part in the illicit transaction."
765 F.2d at 1499 (quoting United States v. Dickens,524 F.2d 441, 444 (5th Cir. 1975)).
The record reveals that Thompson presented insufficient evidence to raise a jury question on the issue of entrapment; hence the burden of proof never shifted to the State to demonstrate Thompson's predisposition to commit the offenses charged.
The State's evidence shows that on three separate occasions Thompson, at the request of undercover police officer Chuck Taylor, obtained an "8-ball" of cocaine weighing approximately one-eighth of an ounce from Thompson's supplier, Larry Anderson, and delivered it to Taylor. The State's evidence further showed that on a fourth occasion, Thompson, at the request of Taylor, obtained from Thompson's supplier 1.5 ounces of cocaine and delivered it to Taylor in exchange for $1,600.
Taylor testified that, prior to his first meeting with Thompson, Taylor had received information from the FBI that Thompson sold drugs in the Valley Avenue area of Homewood. According to Taylor, during his first conversation with Thompson, Thompson told Taylor to give him a call if he needed anything. Taylor further testified that Thompson told him that Thompson had a loud car so that people could hear him coming and would buy drugs from him like buying ice cream from an ice cream truck.
Thompson testified in his own defense that he had a cocaine habit which exceeded $200 per day and admitted that he sold the cocaine to Taylor on the four occasions in question but insisted that he was merely a courier and that he did not make any money on the transactions. Thompson also testified that he would never have bought the drugs for Taylor if Taylor had not instigated the "buys" and that he merely contacted his supplier, Larry Anderson, to get drugs for friends.
"[E]vidence that the government agent sought out or initiated contact with the defendants, or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant's burden." United States v. Andrews, supra,765 F.2d at 1499.
Moreover, even if, arguendo, Thompson presented sufficient evidence to create a jury question on the issue of entrapment, the evidence was sufficient to support the jury's verdicts. *Page 1240 
 II
Thompson contends that his sentencing under the schoolyard enhancement provision of § 13A-12-250, Code of Alabama 1975, was unconstitutional, based upon the following alternative arguments: 1) that § 13A-12-250, which applies to the sale of drugs within three miles of a school, does not apply to the trafficking statute; 2) that the additional five-year penalty imposed by § 13A-12-250 creates a separate felony and entitles Thompson to a separate jury trial on that separate felony; and 3) that the State violated Thompson's right to due process in failing to include in the indictments against Thompson notice of the State's intention to proceed under § 13A-12-250.
This issue was not preserved for appellate review, however, because Thompson failed to raise any of these specific arguments as grounds of objection at the trial level. During the sentencing hearing, defense counsel made a general objection to "imposition of the extra five years." A general objection which does not specify grounds preserves nothing for review. Johnson v. State, 526 So.2d 34, 39 (Ala.Cr.App. 1987).
We note, moreover, that § 13A-12-250, Code of Alabama 1975, has been consistently upheld by this Court as constitutional. See McCall v. State, 565 So.2d 1163 (Ala.Cr.App. 1990); Lane v.State, 564 So.2d 90 (Ala.Cr.App.), affirmed, 564 So.2d 109
(Ala. 1990).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and it is hereby adopted as that of the Court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.