William S. Hester, the appellant, was convicted of the unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 12 years' imprisonment, under the enhancement statutes, § 13A-12-250 and -270, and was ordered to pay a $2,500 fine, and $50 to the victims' compensation fund. On this appeal, he presents three issues for review; however, we find it necessary to address only his first issue at this time.
Hester contends that the trial court erred when it took judicial notice of the facts that this crime occurred within three miles of a school and within three miles of a public housing project. He additionally argues that whether the "J.W. Stewart Headstart" is a school for purposes of the enhancement statute and whether the "Sixth Street Housing Project" is a "public housing project owned by a housing authority" are matters that are not "well established and authoritatively settled." *Page 1308 
At the sentencing hearing, the state asked that Hester's sentence be enhanced under the provisions of §§ 13A-12-250 and -270. The state presented no evidence other than the district attorney's testimony that the sale occurred "right across Tuscaloosa Avenue from the J.W. Stewart Headstart, and one block from the Sixth Street Housing Project." The trial court took judicial notice of the locations "as to both [the] school and the public housing project." The only evidence that Hester sold cocaine within a three-mile radius of a school or a public housing project came from the district attorney. In view of the holding of our supreme court in Ex parte Johnson,597 So.2d 1305 (Ala. 1991), we hold that the state failed to prove by a preponderance of the evidence that the sale occurred within a three-mile radius of a school or a public housing project. In light of these facts, we must remand this cause to the circuit court so that it may conduct a new sentencing hearing.
REMANDED WITH INSTRUCTIONS.
All Judges concur.