PER CURIAM.
In November 1990, the circuit court ruled, in an action for child-support arrear-ages, that the appellee/father owed the appellant/mother $2,793. The father’s claim of entitlement to a credit for cash given directly to the daughter was rejected. No appeal was taken.
Six months later, the father filed a “Motion to Contest Impending Judgment,” as *163 serting again that the $2,793 award should be reduced by the amount paid directly to the child. The mother opposed the motion on grounds that (1) payments to the child rather than to the mother were gifts that should not be credited against child-support arrearages, and (2) the principle of res judi-cata precluded relitigation of the issue whether payments to the child should be credited against the father’s obligation to make child-support payments to the mother. Agreeing with the father, the court entered an order setting-off from the earlier judgment the amount of the father’s claimed payments to the daughter. We address the preclusion issue only and reverse.
When a fact, an issue, or a cause of action has been decided by a trial court of competent jurisdiction, neither of the parties involved shall be allowed to call into question and relitigate the thing decided, so long as the judgment or decree stands un-reversed. AGB Oil Co. v. Crystal Exploration and Prod. Co., 406 So.2d 1165, 1167 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla.1982). Res judicata also applies to matters raised by motion. Id. In that the set-off issue had been litigated and decided in the November 1990 hearing, it was not subject to relitigation in May 1991.
Reversed.