The appellant, Henry James Ruggs, Jr., was convicted of trafficking in cocaine and of failure to affix tax stamps on controlled substances, in violation of § 13A-12-231(2)(a) and §40-17A-9, Code of Alabama 1975, respectively. He was sentenced to 10 years under the split sentence act, with 3 years to be served in prison and 3 years on supervisory probation. The appellant was also ordered to pay a $50,000 fine.
The appellant presents four issues on appeal.
 I
Initially, the appellant contends that the court erred in denying his motion for a judgment of acquittal, because, he argues, the evidence established the defense of entrapment.
The state's evidence tended to show that in December 1991, Corporal Henry Burks of the narcotics intelligence bureau of the Montgomery Police Department, while working undercover, contacted Glen Mills, who the police had been told was a drug dealer, regarding the purchase of cocaine. When Mills later asked a friend if he knew where he could buy some cocaine, the friend eventually introduced him to a man named "Junior," who was actually the appellant, Henry James Ruggs. The appellant told Mills that he would call him at his house to work out the details of the sale.
When he called, the two agreed that the appellant would bring an "eight ball" (i.e., an eighth of an ounce of cocaine) to Mills's residence on Norman Bridge Road in Montgomery. Mills then contacted Corporal Burks, who he did not know was a police officer, and told him that he would sell him an "eight ball" for $250. After Burks dropped the money off at Mills's house, the appellant arrived and sold Mills the cocaine. *Page 510 
Mills gave Burks the drugs when he later came by the house.
This same transaction was repeated twice in January 1991. Each time, the appellant initially contacted Mills to ask if he wanted to buy cocaine, and Mills, in turn, sold the drugs to Burks. In late February, Corporal Burks arrested Mills for selling cocaine. Pursuant to a plea agreement, Mills stated that he would assist the police in establishing a felony case against his supplier in exchange for a lesser sentence.
On March 5, the appellant called Mills and asked if he wanted to buy some drugs. Mills stated that he did, but that he needed an ounce of cocaine in addition to the usual "eight ball." After speaking with the appellant, Mills called Corporal Burks and told him that he needed $1800 cash and that the sale would occur that night. The appellant, however, later called back and stated that he could not get the drugs that night.
On March 6, the appellant contacted Mills and told him that he could get the drugs he wanted "this week or that night" (R. 38). After Mills informed Burks of the appellant's call, three policemen, including Burks, hid in the two back rooms of Mills's house, while three others hid outside. Later that night, the appellant arrived at Mills's house and produced a tinfoil package containing all of the requested cocaine. No tax stamps were attached to the package. When Mills left the room to retrieve a razor blade and a mirror so that he could sample the cocaine, the police officers inside the house came out of hiding, identified themselves, and told the appellant to "freeze." The appellant then burst through a window and fled.
Corporal Burks testified that they found out the appellant's name after recording the license plate number from the car he had driven to Mills's house during one of the prior transactions. Even though the car was not registered in the appellant's name, two traffic tickets had been issued to him while he was driving the vehicle. Further, Mills identified the appellant from a photographic line-up as the man who had sold him drugs on all of the previous occasions. Pursuant to these identifications, the police arrested the appellant on May 6 in Montgomery. After being taken to the police station and being advised of his rights under Miranda v. Arizona,[1] the appellant waived his rights and admitted to selling the cocaine to Mills on March 6.
The appellant, at trial, preserved his entrapment argument by moving for a judgment of acquittal after each party rested its case. When one moves for a judgment of acquittal, he is testing "the sufficiency of the evidence to support a conviction." Committee Comments to Rule 20.1(a), A.R.Crim.P. When a defendant specifically argues the defense of entrapment, however, he is basically stating that the prosecution succeeded in establishing all of the elements of the offense, but that he should not be convicted because he was "instigated, induced, or lured by an officer of the law, for the purpose of prosecution, into committing a crime that he otherwise had no intention of committing." Adams v. State, 585 So.2d 161, 163 (Ala. 1991).[2]
Even though an entrapment argument is more akin to a "weight of the evidence" argument and, thus, is generally (and more logically) preserved for review by a motion for new trial, an entrapment argument is also correctly preserved when the appellant timely moves for a judgment of acquittal and specifically supports his motion with the grounds for entrapment. See, e.g., Story v. State, 574 So.2d 993
(Ala.Cr.App. *Page 511 
1990); Wright v. State, 494 So.2d 936 (Ala.Cr.App. 1986). See, generally, Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211,72 L.Ed.2d 652 (1982) (distinguishing "sufficiency of the evidence" and "weight of the evidence"); Pearson v. State,601 So.2d 1119 (Ala.Cr.App. 1992) (distinguishing "sufficiency" and "weight"); Curry v. State, 601 So.2d 157 (Ala.Cr.App. 1992) (preserving "sufficiency" and "weight" arguments).
In reviewing the evidence to see if the appellant established the elements of entrapment, we employ the "subjective approach." Davis v. State, 570 So.2d 791 (Ala.Cr.App. 1990). "The first inquiry is whether or not the offense was induced by the government agent; and the second is whether or not the defendant was predisposed to commit the type of offense charged." 1 W. LaFave, Substantive Criminal Law § 5.2(b) (1986)); Davis, 570 So.2d at 793. See also Adams, supra; Grahamv. State, 598 So.2d 162 (Ala.Cr.App. 1991); Smith v. State,583 So.2d 990 (Ala.Cr.App.), cert. denied, 583 So.2d 993 (1991). For an entrapment argument to succeed, both prongs of the test must be established. See, e.g., Thompson v. State,575 So.2d 1238 (Ala.Cr.App. 1991).
First, the appellant must establish " 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' "Smith, 583 So.2d at 992 (quoting United States v. Dickens,524 F.2d 441, 444 (5th Cir. 1975), cert. denied, 425 U.S. 994,96 S.Ct. 2208, 48 L.Ed.2d 819 (1976)). Generally, in cases involving a "reverse buy," there is "little doubt [that the transaction] involves some inducement by a government agency."Graham, 593 So.2d at 164. Despite this, "[t]he fact that the buyer made initial contact with the seller is not an inducement within the contemplation of entrapment" Funari v. City ofDecatur, 563 So.2d 54, 55 (Ala.Cr.App. 1990). See, e.g.,Thompson, supra; McCray v. State, 548 So.2d 573 (Ala.Cr.App. 1988); Johnson v. State, 501 So.2d 568, 570 (Ala.Cr.App. 1986).
That the Montgomery police, in this case, "induced" the appellant to sell drugs where he otherwise would not is not supported by the evidence. When it became obvious that Mills had a supplier, the police arrested him in order to apprehend that source. By this time, the appellant was initiating the sales by calling Mills at home. Thus, the appellant sought out the sale for which he was arrested.
We find that the police did not induce the appellant to commit a criminal act. See, e.g., Funari, supra. The appellant did not prove a prima facie case of entrapment. See, e.g.,Lambeth v. State, 562 So.2d 575 (Ala. 1990); Thompson, supra. The circuit court did not err in denying his motion for judgment of acquittal.
 II
The appellant also contends that the circuit court erred in not charging the jury on the issue of entrapment. In arguing entrapment, the appellant relies solely on the testimony of the state's witnesses. However, we find no evidence of entrapment. Where there is no evidence, the issue of entrapment should not be presented to the jury. Webb v. State, 539 So.2d 343
(Ala.Cr.App. 1987). Cf., Smith, supra; Watson v. State,439 So.2d 762 (Ala.Cr.App. 1983) (where evidence is conflicting on issue of entrapment, the issue should be submitted to the jury).
 III
The appellant also contends that the state suppressed evidence favorable to the defense by failing to produce various photographs of the window in Mills's house that was broken when the appellant burst through it. More specifically, he argues that the state's withholding these photographs constituted noncompliance with his discovery request, violated Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and also violated Rule 16, A.R.Crim.P. The appellant, however, has failed to preserve these arguments for review.
First, the record reveals no ruling on the appellant's September 5 motion to *Page 512 
compel discovery. Review on appeal is limited to matters as to which adverse rulings have been invoked at the trial level.Hartley v. State, 598 So.2d 2 (Ala.Cr.App. 1991); Gaston v.State, 581 So.2d 548 (Ala.Cr.App. 1991); Donahoo v. State,552 So.2d 887 (Ala.Cr.App. 1989).
Further, at trial, the appellant objected to the receipt of the photographs only on the grounds that the state's suppression of them constituted noncompliance with his discovery request. Specific grounds for an objection waive all others not specified. Cole v. State, 548 So.2d 1093
(Ala.Cr.App. 1989). No error occurred here.
 IV
The appellant finally contends that the circuit court erred when it did not allow him to elicit testimony from Corporal Burks regarding the accused's potential maximum sentence and the disparity between it and the punishment given to Mills, the middleman in the cocaine transactions. He argues that such testimony would go to demonstrate Mills's bias.
Testimony regarding the maximum sentence that the appellant faces, however, is an "improper jury consideration since sentencing lies within the exclusive realm of the trial court."Self v. State, 459 So.2d 978, 980 (Ala.Cr.App. 1984), cert. den'd, 470 U.S. 1053, 105 S.Ct. 1756, 84 L.Ed.2d 819 (1985). See also Brazell v. State, 423 So.2d 323 (Ala.Cr.App. 1982); §13A-5-1, Code of Alabama 1975. Further, the appellant's potential punishment has no relevance towards showing Mills's bias. Thus, there was no abuse of discretion. See Beavers v.State, 565 So.2d 688 (Ala.Cr.App. 1990).
Further, at trial, the appellant questioned Burks regarding the terms of the plea bargain agreement between Mills and the police in order to show that Mills had a motive to lie. SeeDawkins v. State, 494 So.2d 940 (Ala.Cr.App. 1986); C. Gamble,McElroy's Alabama Evidence, § 149.01(8), (10) (4th ed. 1991).
The judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)
[2] We do not state here that, by arguing entrapment, the appellant admits to committing the crime, thus making his plea of not guilty "repugnant to the defense of entrapment." Youngv. State, 469 So.2d 683, 690 (Ala.Cr.App. 1985). We are merely stating that the appellant, in a motion for judgment of acquittal, cannot support an argument that the state failed to establish all of the elements of the offense by claiming entrapment. This would be contradictory. Rather, the appellant should argue that the state failed to prove the elements of the offense, and should argue, in the alternative, that if the state did establish a prima facie case, he should be acquitted because he was entrapped.