630 So.2d 132 (1993)
Dora GERMANY
v.
STATE.
CR-91-1688.
Court of Criminal Appeals of Alabama.
April 16, 1993.
Rehearing Denied May 28, 1993.
Certiorari Quashed December 17, 1993.
*133 William R. Hill, Jr., Clanton, for appellant.
*134 James H. Evans, Atty. Gen., and Joseph Marston III, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1921349.
TAYLOR, Judge.
The appellant, Dora Germany, was convicted of the unlawful distribution of a controlled substance, marijuana, in violation of § 13A-12-211, Code of Alabama 1975. She was sentenced to seven years' imprisonment, which sentence was split, with the appellant to serve two years in prison and the remainder on probation.
The state's evidence tended to show that on January 28, 1991, Sergeant Larry Palmer of the Pelham, Alabama, Police Department was assigned to work undercover for the Shelby County Regional Narcotics Task Force. Palmer frequently worked with Jeffery Johnson, a police informant. Johnson was paid to introduce Palmer to suspected drug dealers. Johnson, it was later discovered, was also the appellant's nephew.
Palmer testified that on the day in question, he, accompanied by Johnson, went to the appellant's house trailer located outside Calera, in Shelby County, Alabama. Palmer said that Johnson knocked on the door and that the appellant greeted the men and then let them in. Johnson introduced Palmer to the appellant and went into the living room. Palmer said that he and the appellant talked and Palmer told the appellant that he was interested in buying some marijuana. According to Palmer, the appellant pulled a clear bag containing marijuana out of her purse, which had been lying on the bar in the kitchen. Palmer said that the appellant then "fluffed up" the bag of marijuana and offered it to Palmer. The appellant set the price of the marijuana at $50. Palmer said that he gave her three $20 bills and that she went to a back bedroom and returned with $10 in change. Palmer thanked her, and told her he might be back. She said, "Sure, that's fine." Palmer and Johnson then left.
The appellant was the only other witness to testify. She admitted that the marijuana in question was hers and that she smoked marijuana. She testified that the marijuana that was sold to Palmer was received by her as a gift. She further testified that Johnson had lived with her for several months, but that she had later evicted him because he had been stealing from her.
The appellant claimed that after she evicted him, she next saw Johnson on January 28, 1991, when he came to her house and she asked him about some money that he owed her. Johnson proposed selling the marijuana that she had, in order to get enough money to pay the debt. She testified that she initially refused. According to the appellant, Johnson later returned with Palmer and told her to sell the marijuana to Palmer. The appellant testified that Johnson placed the marijuana on the bar and that she never touched it. She further claimed that Johnson had been the one who sold the marijuana to Palmer and that Palmer had set the price at $50. She further denied that her purse was on the bar. On cross-examination, she admitted that she had previously been convicted of third degree theft of property and of check fraud.

I
The appellant first contends that the trial court erred in denying her motion for a judgment of acquittal, because, she says, she made out a prima facie case for the defense of entrapment. Specifically, she contends that the state failed to prove her prior disposition to commit the crime.
The Alabama Supreme Court, in Lambeth v. State, 562 So.2d 575 (Ala.1990), set forth the requirements concerning the entrapment defense. They stated the following:
"When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it. Pierce v. United States, 414 F.2d 163, 168 (5th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). Once the defendant has carried this burden, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged. United States v. Gomez-Rojas, 507 F.2d 1213 (5th *135 Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975)."
562 So.2d at 578.
Further, this court, in Ruggs v. State, 601 So.2d 508 (Ala.Cr.App.1992), stated:
"In reviewing the evidence to see if the appellant established the elements of entrapment, we employ the `subjective approach.' Davis v. State, 570 So.2d 791 (Ala.Cr.App.1990). `[T]he first inquiry is whether or not the offense was induced by the government agent; and the second is whether or not the defendant was predisposed to commit the type of offense charged.' 1 W. LaFave, Substantive Criminal Law § 5.2(b) (1986); Davis, 570 So.2d at 793. See also Adams [v. State, 585 So.2d 161 (Ala.1991)], supra; Graham v. State, 593 So.2d 162 (Ala.Cr.App.1991); Smith v. State, 583 So.2d 990 (Ala.Cr. App.), cert. denied, 583 So.2d 993 (1991). For an entrapment argument to succeed, both prongs of the test must be established. See, e.g., Thompson v. State, 575 So.2d 1238 (Ala.Cr.App.1991)."
601 So.2d at 511.
"The fact that the buyer made initial contact with the seller is not an inducement within the contemplation of entrapment." Funari v. City of Decatur, 563 So.2d 54, 55 (Ala.Cr.App.1990).
Here, the appellant testified that the marijuana in question was hers and that she had agreed to sell it. However, she contends that, but for the actions of Johnson and Palmer, she would not have sold it to Palmer or anyone else. Sergeant Palmer testified that the appellant produced the marijuana from her purse, "fluffed it up," and then set the price at $50. He further testified that, when he told her that he might come back to see her, she replied: "Sure, that's fine." He also stated that it was the appellant, and not Johnson, who consummated the drug sale.
Clearly, this presents a case of conflicting testimony. "When there is a contradiction in the evidence, the defense of entrapment should be resolved by the jury." Watson v. State, 439 So.2d 762, 767 (Ala.Cr.App.1983). The trial court's charge to the jury included a charge concerning entrapment. It was then the jury's task to reconcile the conflicting testimony, at which time it was free to disbelieve the appellant's version of the facts. We also note the appellant admitted prior convictions for theft of property in the third degree and for check fraud, both of which are crimes involving moral turpitude. In United States v. Jones, 473 F.2d 293 (5th Cir.1973), cert. denied, 411 U.S. 984, 93 S.Ct. 2280, 36 L.Ed.2d 961 (1973), the court stated:
"Evidence of willingness may include, but is not limited to, proof of prior offenses and predisposition. It also may include evidence of eagerness to deal in the transaction in issue if a jury could conclude that such eagerness was not itself a product of the inducement whose impact on the mind of the defendant is in question."
473 F.2d at 294.
Further, that court, in United States v. Jenkins, 480 F.2d 1198 (5th Cir.1973), cert. denied, 414 U.S. 913, 94 S.Ct. 256, 38 L.Ed.2d 151 (1973), held that the appellant's post-crime statement, "[I]f you need more, I'll be here," was sufficient evidence to permit the jury to infer a prior willingness to commit a drug offense. Id. at 1200.
The trial court did not err in denying the appellant's motion for a judgment of acquittal.

II
The appellant next contends that her trial counsel's assistance was ineffective. She specifically contends that her trial counsel not only failed to make a timely Batson[1] objection to the state's allegedly purposeful discrimination in the selection of the jury, but also failed to preserve a record that shows such discrimination.
However, this issue has not been preserved for our consideration. The appellant filed a motion for a new trial, alleging that the appellant's trial counsel rendered ineffective assistance of counsel. The motion for a new trial did not, however, state that the appellant's trial counsel failed to make a Batson objection or that he failed to preserve *136 the record for appeal. Further, during the subsequent hearing on the motion for a new trial, the appellant, then represented by her present appellate counsel, did not argue that the appellant's trial counsel failed to make a Batson objection or to preserve the record on appeal.
As the Alabama Supreme Court stated, "`claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.'" Jackson v. State, 534 So.2d 689, 692 (Ala.Cr.App.1988), quoting United States v. Stitzer, 785 F.2d 1506, 1520 (11th Cir.), cert. denied, Perna v. United States, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986). On direct appeal in this case the case law prevents us from addressing the merits of the appellant's claim of ineffective assistance of trial counsel, with respect to any failure to make a Batson objection or to preserve the record. Ex parte Jackson, 598 So.2d 895 (Ala.1992).
Because the appellant's specific claims of ineffective assistance of trial counsel have not been preserved for our review, any remedy for the appellant upon this issue lies in a petition for post-conviction relief, under Rule 32, A.R.Crim.P. Hale v. State, 611 So.2d 1202 (Ala.Cr.App.1992).

III
The final issue in this case has been raised by the state, in a motion to remand filed with this court. The state argues that the appellant admitted, during cross-examination, that the sale of the marijuana occurred within three miles of two schools, and that, therefore, the appellant's sentence should be increased via the mandatory enhancement provision of § 13A-12-250, Code of Alabama 1975. During the appellant's cross-examination, the following occurred:
"[Prosecutor:] How far away was the trailer in Calera from the elementary school there in Calera?
"[Appellant:] About three miles, I think.
"[Prosecutor:] And what about from the high school there?
"[Appellant:] I don't know. Aboutmy brother, he's a policeman, he told me it was three miles."
This was the only testimony concerning the distance from the appellant's house trailer to any school.
Section 13A-12-250, Code of Alabama 1975, states:
"In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.)
The application of § 13A-12-250, Code of Alabama 1975, is mandatory. Green v. State, 586 So.2d 54 (Ala.Cr.App.1991). However, at the sentencing hearing, the state must prove by "the preponderance of evidence" that the sale occurred within a three-mile radius of a school campus. Ex parte Johnson, 597 So.2d 1305, 1306 (Ala.1991). See also Rule 26.6(b)(2), A.R.Crim.P. Proof of the distance is met if a witness testifies that he has measured the distance from the school campus to the place where the drugs were sold. Walker v. State, 594 So.2d 722 (Ala.Cr.App.1991).
In this case, however, we cannot say that the appellant's testimony was sufficient to establish, by the preponderance of the evidence, that the drug sale occurred within three miles of either the elementary school or the high school in Calera. She testified only that her house trailer was "about three miles" from the elementary school, and that her brother told her that her house trailer was three miles from the high school.
A "preponderance of the evidence" is "[e]vidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." Black's Law Dictionary 1064 (5th ed. 1979). That burden was not met by the state.
*137 It is not sufficient for the trial court merely to take judicial notice of the fact that the crime occurred within three miles of a school campus. Johnson, supra; Hester v. State, 597 So.2d 1307 (Ala.Cr.App.1992). The appellant in this case was correctly sentenced, because the state failed to establish by a preponderance of the evidence that the sale occurred within three miles of a school.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., concurs in result only.

ON APPLICATIONS FOR REHEARING
TAYLOR, Judge.
APPLICATIONS FOR REHEARING OVERRULED.
All the Judges concur.
BOWEN, Presiding Judge, concurring in part and dissenting in part (as to the action of April 16, 1993).
When this Court issued its opinion on April 16, 1993, I concurred in the result only, without opinion. Upon further consideration, I concur in Parts I and II of the majority opinion, but I dissent from the result of Part III.
There was testimony from the appellant that the sale of marijuana occurred within three miles of a school. Since the provisions of Ala.Code 1975, § 13A-12-250, are mandatory, Burks v. State, 611 So.2d 487, 491-92 (Ala.Cr.App.1992); Qualls v. State, 555 So.2d 1158, 1164-65 (Ala.Cr.App.1989), this cause should be remanded to the trial court for a determination of whether the appellant should be sentenced under the enhancement provisions of § 13A-12-250. See Hester v. State, 608 So.2d 420 (Ala.Cr.App.1992); Hester v. State, 597 So.2d 1307 (Ala.Cr.App. 1992); Hardy v. State, 570 So.2d 871 (Ala.Cr. App.1990).
NOTES
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).