PER CURIAM.
Susan Charney appeals from a.final judgment granting final summary judgment in favor of Judith Herskowitz, Robert Herskow-itz, and Mark Herskowitz [the Herskow-itzes], thereby denying full faith and credit to several judgments of the Supreme Court of New York. We reverse.
The Supreme Court of New York entered three default judgments in favor of Charney and against the Herskowitzes. Thereafter, Charney filed an action in Dade County seeking to domesticate these judgments. The Herskowitzes filed a motion for summary judgment arguing that these judgments should be denied full faith and credit because the Supreme Court of New York lacked personal jurisdiction. Charney, on the other hand, argued that the New York Supreme Court had already determined the issue of personal jurisdiction, and therefore, the Her-skowitzes were barred from relitigating the issue of personal jurisdiction based on the doctrine of res judicata. The Herskowitzes’s motion was referred to a general master who concluded that the Supreme Court of New York lacked personal jurisdiction. The trial court adopted the general master’s order and granted the Herskowitzes’s motion for summary judgment.
Charney contends that the trial court erred in granting the motion for summary judgment. We agree.
A review of the record demonstrates that the issue of personal jurisdiction was raised in and decided by the Supreme Court of New York. As such, pursuant to the doctrine of res judicata, the Herskowitzes are barred from relitigating that issue once again. See Maison Grande Condominium Ass’n, Inc. v. Dorten, Inc., 621 So.2d 762 (Fla. 3d DCA 1993), review denied, 634 So.2d 625 (Fla. 1994); Alvarez v. Alvarez, 598 So.2d 162 (Fla. 3d DCA 1992).
Accordingly, we reverse.