McMILLAN, Judge.
The appellant, Michael Lee Lang, was convicted of trafficking in marijuana. He was sentenced as a habitual felon to life imprisonment without the possibility of parole.
I.
In his first two arguments on appeal, the appellant asserts that the search of his suitcase leading to the discovery of marijuana was unauthorized and violated his rights under the Constitution of Alabama 1901, Art. I, § 5, and under the Fourth and Fifth Amendments to the Constitution of the United States. More particularly, he contends that the trial court should have granted his motion to suppress the marijuana found in his suitcase; at the time of the search the suitcase was located in a residence that did not belong to him. In support of his argument, the appellant contends that he had a possesso-ry interest in the suitcase when it was searched.
The record reveals that the appellant was neither the owner nor the lessee of the residence where the suitcase was found. His friend and alleged accomplice, Frank Higginbotham, was the lessee. Thus, the record does not support the appellant’s contention that he had any possessory or expectation of privacy in the residence or in Higginbotham’s bedroom, where the suitcase was located. The record further reveals that the appellant admitted that he had recently loaned his suitcase to Higginbotham to use on a trip, and at the time of the search, it was still in Higginbotham’s possession or in the possession of the owner of the house and the lessor, Kenny Cook. The record indicates that the appellant made several telephone calls to the owner and a second lessee, Bill Kellum, in an attempt to retrieve the suitcase. After discovering that the suitcase *210 contained what appeared to be marijuana, both men told the appellant that he would have to contact Higginbotham to get the suitcase. When they failed to give him the suitcase, the appellant left Higginbotham a note stating that he should not do anything with it before communicating with him. When the appellant made a second attempt to physically remove the suitcase from Higginbotham’s bedroom, he was arrested by Drug Enforcement Agency (“DEA”) officers who had been called by the owner of the residence. . After being advised of his Miranda rights, the appellant talked with DEA officers and admitted that he knew that the suitcase contained marijuana, but that he had been paid by Higginbotham to pick it up and deliver it elsewhere.
It is clear from an examination of the record that the appellant does not have standing to challenge the search and the subsequent seizure of the suitcase, because he did not have a legitimate expectation of privacy in the room where the suitcase was found, which was leased to another individual. “One who does not have a legitimate expectation of privacy in the property or premises of another where evidence is found cannot litigate a Fourth Amendment claim.” Johnson v. State, 612 So.2d 1288, 1302 (Ala.Cr.App.1992). See also Beard v. State, 612 So.2d 1335 (Ala.Cr.App.1992) (“A defendant seeking to establish standing to challenge the introduction of evidence obtained as a result of an alleged violation of the Fourth Amendment must demonstrate that he has a legitimate expectation of privacy in the area searched.”). Additionally, the appellant has failed to establish that he had a pos-sessory interest in the suitcase at the time of the search, because he had lent the suitcase to another individual. Johnson, supra.
Because the search of the appellant’s suitcase did not violate the appellant’s rights under either the Alabama or the United States Constitutions, the trial court’s order denying the motion to suppress was proper.
II.
The appellant next contends that the trial court committed reversible error by denying his motion for a new trial, because, he says, his traffieking-in-mari-juana conviction was so contrary to the great weight of the evidence as to be palpably unjust. It appears that the appellant is actually arguing that the evidence was insufficient to sustain a prima facie case of trafficking.
At trial, the appellant made a motion for a judgment of acquittal, alleging that the State had failed to prove a prima facie case and he raises this argument on appeal.
The appellant specifically argues that the State failed to prove that he knew that the suitcase he picked up from Cook and Kellum contained marijuana. However, Officer Skaggs testified that the appellant told him that he had thought the suitcase was filled with marijuana, although the marijuana was not his. This evidence, in conjunction with testimony that the appellant seemed overly anxious to pick up his suitcase provided sufficient evidence to show that the appellant knew that the suitcase contained marijuana. Therefore, the evidence was sufficient to prove a pri-ma facie case of trafficking in marijuana.
III.
The appellant, as part of his sufficiency-of-the-evidence argument, also contends that he was entrapped by the police. However, this issue was not raised before the trial court and was not preserved for our review. The appellant cites Ruggs v. State, 601 So.2d 508, 510 (Ala.Cr.App.1992), in support of his argument that his motion for a new trial, made on the basis that his conviction was contrary to the evidence, was sufficient to preserve the entrapment issue for appeal, because “[a]n argument of entrapment goes to the weight of the evidence.” However, in Ruggs this Court still required that an entrapment argument be specifically *211 raised. Id. Arguments not specifically raised before the trial court are waived and are not preserved on appeal. Goodson v. State, 540 So.2d 789, 791 (Ala.Cr.App.1988).
The appellant’s conviction is due to be affirmed.
AFFIRMED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.