WISE, Presiding Judge.
 

 The appellant, Joseph Martin Beason, was convicted of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of twenty years in prison.
 
 See
 
 § 13A-5-9(b)(2), Ala.Code 1975. The trial court also enhanced his sentence by five years because the sale occurred within three miles of a school and by an additional five years because the sale occurred within three miles of a public housing project.
 
 See
 
 §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. Beason filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
 

 Investigator Cary Ward of the St. Clair County Sheriff’s Office testified that, in May 2007, the office was targeting a crack house in Ragland. He specifically stated that they knew that there was a lot of drug dealing occurring at that residence and that they were targeting several dealers who sold drugs out of the house. At that time, R.S.J., a confidential informant, approached the chief of police for the City of Ragland, told him he knew a lot of people who were dealing drugs in Ragland, and offered to assist them any way he could. Ward testified that the informant had helped in three to five other cases and had been reliable.
 

 
 *621
 
 Ward testified that he set up and monitored a controlled buy using the informant and a wire. When the informant initially went to the residence, he was informed that there would be a delay of about one hour. Ward testified that, when the informant returned to the residence later, he heard the informant drive to the target residence and ask for Bonita Brock; that Bonita came out, and the informant asked her if she could get a crack rock; and that Bonita said she could, and the informant gave her $20. He also testified that, a few minutes later, he heard Beason arrive in a truck, talk to the informant, and give the informant a crack rock. Ward testified that there was not any indication that anyone forced Beason to take the crack rock to the informant. Afterward, the informant met him and gave him the crack rock.
 

 Ward testified that the controlled buy took place within three miles of Ragland High School. Specifically, he testified that he drove the distance in his vehicle and determined that the distance between the location of the sale and the location of the school was 1.9 miles.
 

 R.S.J., the confidential informant, testified that he volunteered to assist law enforcement officers in making drug cases and that he participated in a controlled buy in this case. He also testified that he went to Bonita’s house and that she told him to return in about one hour. When he returned, Bonita was in the yard. She went into the house for a few minutes, and Beason came out with the crack rock, gave it to him, and got a beer out of his cooler.
 

 I.
 

 Beason argues that the trial court erroneously refused to instruct the jury on entrapment. “ ‘When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person, other than one ready to commit it.’ ”
 
 Germany v. State,
 
 630 So.2d 132, 134 (Ala.Crim.App.1993) (citations omitted).
 

 “ ‘A defendant will be considered to have met this burden if he produces “any evidence” that governmental conduct created such a risk,
 
 Pierce v. United States,
 
 414 F.2d 163 (5th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969),
 
 but evidence that the government agent sought out or initiated contact with the defendant, or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant’s burden. United States v. Humphrey,
 
 670 F.2d 153 (11th Cir.1982);
 
 United States v. Hill,
 
 626 F.2d 1301 (5th Cir.1980). The defendant must demonstrate not merely inducement or suggestion on the part of the government but “an element of persuasion or mild coercion.”
 
 United States v. Hill, supra.
 
 The defendant may make such a showing by demonstrating that he had not favorably received the government plan, and the government had had to “push it” on him,
 
 United States v. Hammond,
 
 598 F.2d 1008 (5th Cir.1979), or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate,
 
 United States v. Timberlake,
 
 559 F.2d 1375 (5th Cir.1977).’ ”
 

 Jones v. State,
 
 611 So.2d 466, 471-72 (Ala.Crim.App.1992) (emphasis added). It is not until after the accused has satisfied this burden that the State is called upon to show his predisposition beyond a reasonable doubt.
 
 Id.
 
 Finally,
 

 “ ‘[a] trial court has broad discretion in formulating its jury instructions, providing they are an accurate reflection of the law and facts of the case.
 
 *622
 

 Coon v. State,
 
 494 So.2d 184 (Ala.Cr.App.1986). When requested charges are either fairly and substantially covered by the trial judge’s oral charge or are confusing, misleading, ungrammatical, not predicated on a consideration of the evidence, argumentative, abstract, or a misstatement of the law, the trial judge may properly refuse to give such charges.
 
 Ex parte Wilhite,
 
 485 So.2d 787 (Ala.1986).’
 

 “Ward v. State,
 
 610 So.2d 1190, 1194 (Ala.Cr.App.1992).”
 

 Hemphill v. State,
 
 669 So.2d 1020, 1021 (Ala.Crim.App.1995) (emphasis omitted).
 

 When it refused to give the instruction, the trial court stated, “I don’t think that this is a case of an entrapment. I don’t think you’ve met the burden of proving entrapment, and I just don’t think this is an entrapment case.” (R. 108.) We agree with the trial court. Based on the evidence presented, Beason did not show persuasion or coercion on the part of the government. Rather, at most, the evidence showed that the government provided Brock with the opportunity to commit a crime and that Beason subsequently gave the crack rock to the informant. Beason’s arguments to the contrary notwithstanding,
 

 “[ejntrapment is not a defense simply because a law enforcement officer provides the opportunity for the commission of an offense.
 
 Chillous v. State,
 
 441 So.2d 1055 (Ala.Crim.App.1983);
 
 Tyson v. State,
 
 361 So.2d 1182 (Ala.Crim.App.1978). The defendant must first come forward with evidence that the government induced the defendant to act.
 
 Chillous; Tyson.
 
 The fact that the buyer made initial contact with the seller is not an inducement within the contemplation of entrapment.
 
 See Johnson v. State,
 
 501 So.2d 568 (Ala.Crim.App.1986).”
 

 Funari v. City of Decatur,
 
 563 So.2d 54, 55 (Ala.Crim.App.1990). Because Beason did not initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it, the trial court properly refused to instruct the jury on entrapment.
 

 II.
 

 Beason also argues that the trial court erred in enhancing his sentence pursuant to § 13A-12-270, Ala.Code 1975, because the State did not present any evidence to establish that the sale occurred within three miles of a public housing project. We agree.
 

 Section 13A-12-270, Ala.Code 1975, provides:
 

 “In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority.”
 

 When Beason renewed his motion for a judgment of acquittal at the close of all of the evidence, the following occurred:
 

 “THE COURT: As I recall the testimony, you testified that it was so many miles, one and a half miles, to Ragland High School or it was within the three-mile range. You gave an exact amount, and also you testified that it was five tenths of a mile or something to the Ragland Housing Authority.
 

 “[DEFENSE COUNSEL]: I understood him to say a housing project.
 

 “THE COURT: I think he said authority. Anyway, overruled.”
 

 
 *623
 
 (R. 91.) The transcript of the trial does not support the trial court’s statement.
 

 Ward specifically testified about the distance from the location where the sale occurred to Ragland High School. However, neither he nor any other witness testified about the distance from the location where the sale occurred to a public housing project. “Because the State did not offer proof of the location of the crime, the appellant is entitled to a new sentencing hearing. See Rule 26.6(b)(2), Ala. R.Crim. P.”
 
 Brock v. State,
 
 697 So.2d 1197, 1198 (Ala.Crim.App.1996).
 

 Accordingly, we affirm Beason’s conviction for unlawful distribution of a controlled substance. However, we remand this case to the trial court with instructions that it resentence Beason without application of the enhancement set forth in § 13A-12-270, Ala.Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the new sentencing hearing.
 

 AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.
 
 *
 

 WINDOM and KELLUM, JJ., concur.
 

 WELCH, J., concurs in the result.
 

 *
 

 Note from the reporter of decisions: On July 24, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.