BURKE, Judge,
concurring specially.
I write specially to discuss the preservation issue addressed by the majority opinion. I agree that there is no question that the City of Ragland (“the City”) failed to introduce the municipal ordinance adopting the applicable state offense, which is generally required in order to sustain a *504 conviction for a violation of that ordinance. I also acknowledge that this Court’s decision that this issue was properly preserved for our review is consistent with the existing caselaw and that this Court is bound by the decisions of the Alabama Supreme Court. § 12-3-16, Ala.Code 1975.
However, I strongly disagree with the existing caselaw that states that a general objection to the prosecution’s failure to present sufficient evidence to meet its burden of proving the defendant’s guilt is sufficient to place the trial court on notice of the specific defect that the prosecution failed to introduce an ordinance into evidence. I do not believe that Bailey’s general objection in her postjudgment motion to reconsider was sufficient to preserve the issue for appellate review because it did not sufficiently notify the trial court that such a specific defect in the prosecution’s case was being challenged. As a result of the defendant’s failure to make a sufficient and timely objection, the trial court was not given the opportunity to address an issue that it could have easily rectified.
As the majority opinion correctly states in the present case, Bailey’s postjudgment motion to reconsider alleged that “there was insufficient evidence presented at trial” and “that because of the testimony of two (2) witnesses, the State did not meet its burden of proving the Defendant guilty beyond a reasonable doubt.” (C. 66.)
It is well settled law that
“ ‘[rjeview on appeal is restricted to questions and issues properly and timely raised at trial.’ Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). ‘An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.’ Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). ‘“[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.” ’ McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted) .... ‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’ Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).”
Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003). This Court has repeatedly held that “[ajrguments not specifically raised before the trial court are waived and are not preserved on appeal.” Lang v. State, 766 So.2d 208, 211 (Ala.Crim.App.1999) (emphasis added) (citing Goodson v. State, 540 So.2d 789, 791 (Ala.Crim.App.1988)). The Alabama Supreme Court has stated that “[mjatters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court. Cooper v. State, 331 So.2d 752 (Ala.Crim.App.), cert. denied, 331 So.2d 759 (Ala.1976).” Adams v. State, 585 So.2d 161, 164 (Ala.1991).
However, in Ex parte Maxwell, 439 So.2d 715 (Ala.1983), and the line of cases that follow it, the Alabama Supreme Court has carved out an exception for instances in which the prosecution fails to introduce into evidence at trial a municipal ordinance a defendant is charged with violating. See Ex parte Maxwell, 439 So.2d at 717 (holding that a defendant’s general objection that the City of Mobile failed to make out a prima facie case was sufficient to preserve for appellate review the issue of the city’s failure to prove the ordinance). See also Ex parte Hall, 843 So.2d 746, 749 (Ala.2002). .
To the extent that this issue is held to be encompassed in an objection stating *505 insufficiency of the evidence or failure to prove a prima facie case, Maxwell and its successors cannot be reconciled with the well settled legal principles of preservation that normally apply. This error is comparable to the prosecution’s failure to prove venue, which it is required to do in order to present a prima facie case. See Laster v. State, 747 So.2d 359, 361 (Ala.Crim.App.1999). This Court has repeatedly held that in order to preserve the issue of venue, a specific objection must be made before the verdict is reached. Dutton v. State, 587 So.2d 1046, 1050 (Ala.Crim.App. 1991); see also Crowell v. State, 389 So.2d 545, 548 (Ala.Crim.App.1980) (“The question of venue cannot be raised for the first time on appeal. In his motion to exclude the appellant only raised the sufficiency of the evidence to make out a prima facie case. The question of venue was not a ground of the motion to exclude.”).
Most importantly, the line of cases allowing a sufficiency objection to preserve the failure to prove a municipal ordinance simply is not consistent with the reality of the courtroom. Only a tiny fraction of criminal cases require that a municipal ordinance be proven at trial — those on appeal from a municipal court. Therefore, when a general sufficiency objection is made, it brings the judge’s attention to the elements of the offense and whether the facts adduced at trial meet those elements, not the issue of the entry into evidence of an ordinance. Only a specific objection regarding a failure to prove the ordinance can sufficiently notify the court of such a defect.
Bailey failed to raise the issue of the ordinance either at trial or in her motion to reconsider. Bailey argued generally only that the City had not presented sufficient evidence to prove its case. Any defense attorney who recognizes at trial that a municipal ordinance was not proven will not only object specifically that the ordinance was not introduced, the attorney will rise to his or her feet and do it loudly, because it essentially guarantees that the client will be acquitted on the spot. However, the first time that Bailey specifically raises the issue of the City’s failure to prove the ordinance is in her appeal to this Court.
Maxwell and the line of cases following it are merely creating an escape hatch for attorneys who make a general objection about the sufficiency of the evidence to the trial court, only to later, while preparing the brief on appeal, discover that the ordinance was not proven. This is not fair to the trial court, and it flies in the face of the spirit of our rules of preservation. The entire body of preservation caselaw in Alabama is aimed at requiring litigants to put a trial judge on notice of a mistake, so that the trial judge has the opportunity to rectify the mistake at the trial level.
Because Bailey made only a general objection in her postjudgment motion to reconsider that insufficient evidence was produced at trial and that the City failed to meet its burden of proving that she was guilty beyond a reasonable doubt, I conclude that she failed to properly preserve the issue concerning the City’s failure to introduce the municipal ordinance into evidence for our review. It is my hope that the Supreme Court might take a considered look at modifying the exception espoused in Maxwell, in order to bring this area of the law into conformity with the vast majority of Alabama law regarding issue preservation for purposes of appeal.